## LIVE YANKEE CO. v. OREGON CO.

A new trial will not be granted on the ground of newly-discovered evidence which is merely cumulative, and going to contradict the witnesses of the other party.

Mere surprise at the evidence given by the witnesses of the defendant, is not sufficient ground for granting the plaintiff a new trial. He should submit to a nonsuit, and not take his chances for a verdict.

In the absence of mining regulations, the fact that a party has located a claim bounded by another, raises no implication that the last located claim corresponds in size, or in the direction of its lines, with the former.

A witness, in an action for a disputed mining claim, who was in the employ of the party in possession at fixed wages, to be paid, however, from the proceeds of the claim, is not incompetent, when his wages are not dependent upon the sufficiency of such proceeds.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

This was an action for the recovery of possession of a mining claim. The only question in the case was, whether the dividing line between the plaintiffs' and defendants' claims ran on a course S. 57½ E., or S. 58 E., from an admitted starting point, the question being whether it ran parallel with the boundary line between the plaintiffs' claim and the Buckeye claim, the claim adjacent to that of plaintiff on the other side. The evidence on this point was conflicting. The jury found a verdict for the defendants. The plaintiff moved for a new trial, on the ground of newly-discovered evidence, of surprise, and of errors in law in the trial; and filed affidavits, setting forth newly-discovered evidence, going to establish the line of division as claimed by plaintiffs. The motion was overruled by the Court below, and plaintiffs appealed.

On the trial, the plaintiffs asked for the following instruction, among others. It was refused by the Court below, which is assigned as error. It reads as follows: "That any claim of a definite number of feet front, and running back into the hill, (without any local regulation to the contrary,) and bounded by an older claim on one side, and by vacant ground on the other,

will, by implication, run parallel with the line of the older claim."

Another error assigned, is, that a witness for the defence, named Jenkins, was allowed to testify, after stating, on his *voir dire*, that he was in the defendants' employ, at five dollars per day, and that he had a verbal agreement with defendants, to take his pay from the gold when it came out; but that it was not agreed that he should have no pay if no gold came out; he also stated that he was at work on the claim in dispute.

*Field and Swezy* for Appellants.

Graham, in his work on New Trials, has collated all of the authorities, and refers to them as supporting the proposition that a new trial will not be granted to allow evidence to discredit the opposite party's witness. He cites the Commonwealth *v.* Waite, 5 Mass., 261; Hammonds *v.* Wadhams, ib., 353; Duryee *v.* Dennison, 5 Johns., 248; 1 Sayer, 27; 1 Bing., 239.

But none of these cases sustain the general proposition without qualification, and when qualified, fully warrant the granting of a new trial in a case like the one at bar. Commonwealth *v.* Waite, 5 Mass., 261; Hammond *v.* Wadhams, ibid., 353.

In Duryee *v.* Dennison, (5 Johns., 248,) the Court ruled upon the case of Huish *v.* Sheldon, (Sayer, 27.) In the case in Sayer, and the case of Duryee *v.* Dennison, the newly-discovered evidence consisted of admissions of the witness made subsequent to the trial. 5 Johns., 249.

The cases cited in support of the proposition, that a new trial will not be granted upon evidence newly-discovered, going to show an indictment or conviction of the witness since the trial, are, 1 Bing., 339; 4 Maul & Selw., 140; 3 Bing., 26. But they do not unqualifiedly sustain that proposition, but only advance towards the doctrine upon the principle of policy, in allowing a party to show a subsequent indictment and conviction, as tending to induce delays and incite parties to prosecutions of witnesses; and as such, it has its exceptions.

Indeed, this case may well be argued as not coming within the rule in any sense, as it is not a case of discrediting and falsifying the defendant's witness, but one of falsifying the facts and circumstances on which credit was given to him. The case of Lester *v.* Mundell, 1 Bos. & Pull., 427, was one where this distinction was drawn, and is evidently the case referred to by Tidd.

" The reason of this distinction," says the author to the note, 1 Caines, 25, "appears to be, that affirmations and denials by word of mouth, may be fabricated; circumstances, and the happening of facts, cannot." The case of Sergeant *v.* ——, 5 Cowen, 122, sustains this distinction.

The Court erred in allowing the testimony of Henry Jenkins, after being objected to on the ground of interest. The principle

of the case of Shaw et al. *v.* Davis, decided in this Court at the October term, A. D. 1855, fully sustains the objection to this witness.

However the jury might have found the line between the Buckeye and Live Yankee claims to have run, whether S. 57½ E., or S. 58 E., they were virtually told, by the refusal of the Court to give the above instruction, that it should have no influence with them in determining the lower line of the Live Yankee's claim, to wit: the line between the plaintiffs and the defendants, whether it ran from the undisputed starting point, S. 57½ E., as contended by the plaintiffs, or S. 58 E., as contended by the defendants. It is clear, therefore, the Court erred.

*Dunn and Meredith* for Respondents.

MURRAY, C. J., delivered the opinion of the Court—HEYDENFELDT, J., concurring.

The Court below properly refused the motion for a new trial.

The testimony set out in the plaintiffs' affidavits, is, at best, cumulative, and would serve to contradict the defendants' witness. The appellants cannot complain of surprise. There was but one question in the case; that was, whether the line dividing the plaintiffs' and defendants' claim ran S. 57½ E., as contended by the plaintiffs, or S. 58 E., as contended by the defendants. To this issue, witnesses were summoned and examined, and the case went to the jury upon it. If the plaintiffs were at all surprised by the testimony of the defendants' witnesses, they should have submitted to a nonsuit, and cannot now, after taking the chance of a verdict in their favor, be allowed a new trial on such ground as they rely on.

The first instruction asked by the plaintiffs was properly refused.

In the absence of mining rules regulating the subject of claims, their courses, distances, etc., the fact that a party has located a claim bounded by another claim, raises no "implication," or inference, that the last located claim corresponds in size, or the direction of its lines, with the former.

The witness, Jenkins, was not incompetent; his wages did not depend upon the fact, whether gold was taken out of the particular locality in dispute, although he was entitled to be paid out of it, if any was taken out; but his wages did not depend upon this fact, and therein this case differs from the one of Shaw et al. *v.* Davis, in which the witness, who was a broker, and called for the purpose of substantiating the sale, testified on his *voir dire*, that if the sale failed, according to the custom of brokers he was not entitled to commissions.

Judgment affirmed.