## E. J. SCHELLHOUS *v.* J. C. BALL.

NEW TRIAL ON GROUND OF SURPRISE.—A new trial on the ground of surprise should not be granted unless it clearly appears that the verdict is mainly attributable to the facts out of which the surprise resulted, and that the surprise has not resulted from the fault or negligence of the moving party.

SAME.—If the party claiming to have been surprised can relieve himself, either by a nonsuit, a continuance, or the introduction of other testimony, or in any other way, and fails to do so, a new trial will not be granted.

SAME.—If, during the argument of a case to the jury, a dispute arises between counsel as to whether a certain paper was introduced in evidence, and the Court decides it was, the party claiming to be surprised by the decision should apply to the Court at once for leave to introduce rebutting testimony, if he has such testimony, and if he fails to do so a new trial will not be granted.

SURPRISE DURING A TRIAL.—When, during the progress of a trial, conditions are found to exist which may amount to legal surprise, the Court should, if an application is made therefor, grant relief at once, if the facts are such as would justify the Court in setting aside the verdict after the trial.

EVIDENCE OF SURPRISE DURING A TRIAL.—The party alleging surprise during the progress of a trial should show it by the best evidence within his reach.

SAME.—If, during a trial, facts exist which amount to legal surprise, these facts should be shown by the affidavit of the attorney, and not of his client.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The plaintiff averred in his complaint that on the 20th of May, 1864, he sold defendant a tract of land for the sum of fourteen hundred dollars, and that seven hundred dollars of

the purchase money was due and unpaid. Plaintiff prayed for judgment for seven hundred dollars, and that the same be made a lien on the land.

Defendant, in his answer, denied that the money had not been paid, but averred that in June, 1864, the plaintiff gave his wife, Catharine T. Schellhous, an order on defendant for the money, and that the order was presented by her to him and paid.

Plaintiff was a witness in his own behalf to show that the money had not been paid. On his cross examination he stated that he had given his wife a written order, in June, 1864, directing defendant to pay her the money. The order was produced and offered in evidence, with his wife's receipt on the back of it for the money, dated July 16th, 1864.

Plaintiff called as a witness O. C. Lewis, who testified that July 16th, 1864, he saw plaintiff's wife and defendant at Folsom, and that Mrs. Schellhous showed him one hundred dollars in gold coin, and a note of that date for one hundred dollars, payable to her, signed by defendant. The note was produced and shown to the witness. Defendant offered evidence to prove that on the 16th day of July, 1864, he paid plaintiff's wife the seven hundred dollars in greenbacks, at Folsom.

During the argument of the case, plaintiff's counsel commented on the one hundred dollar note, to which defendant's counsel objected, claiming that it was not in evidence. The Court decided that it was offered in evidence. The jury found a verdict for plaintiff. Defendant moved for a new trial, and offered the affidavit of defendant to show that he was taken by surprise by the decision of the Court, and that if he had supposed the note was in evidence, he could have procured testimony to show that this note was not a part of the transactions concerning the payment for the land, but was a separate business transaction.

Defendant appealed from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Jo. Hamilton*, for Appellant, on the question of surprise, cited the following authorities:  Accident or surprise is ground for new trial.  (Practice Act, Sec. 1, 193 ; *Craig* v. *Fanning*, 6 Howard P. R. 336 ; *Wardell* v. *Hughes*, 3 Wendell, 418 ; *Utica Insurance Company* v. *Badger*, Id. 102 ; *Burbon* v. *Covey*, 11 Id. 83 ; *Herford* v. *Archer*, 4 Hill, 211.)

*Tweed & Craig*, for Respondent, argued that the attorney who tried the cause should have made the affidavit in relation to surprise, as he would be the person who would be most likely to know whether the note had been offered in evidence, and whether any legal surprise had resulted from the decision of the Court that it was in evidence.  They argued further, that defendant's attorney had full opportunity to examine the witness, Lewis, concerning the note, and that he did not do so was the result of his own inattention.

By the Court, SANDERSON, J.

A new trial is sought upon the following grounds :

1. Insufficiency of the evidence ;
2. Surprise ; and
3. Error in law.

I. The real point in controversy, and substantially the only point litigated, was whether the money sued for had been paid by the defendant to the plaintiff's wife pursuant to the plaintiff's direction ; and upon that question the testimony was conflicting, which is a sufficient answer to the first ground of the motion.

II. To entitle a party to a new trial on the ground of surprise the same must be conclusively shown by the affidavits ; and moreover it must appear that the fact or facts from which the surprise resulted had a material bearing upon the case, and that the verdict may be mainly attributed to their effect. (*Hartwright* v. *Badham*, 11 Price, 383.)  Upon this ground new trials should be granted with great caution, for in many cases it is used as a pretext and a cover for carelessness and

inattention rather than as a meritorious ground for relief. A party claiming to have been injured must show that the surprise has not resulted in any degree from his own fault or negligence, and must in addition claim his relief at the earliest opportunity. If he can relieve himself from his embarrassment in any mode, either by a nonsuit or a continuance, or the introduction of other testimony or otherwise, he must not take the chances of a verdict, but must at once fortify his position by resorting to all available modes of present relief.

In the present case a dispute arose between counsel, pending the argument of the case to the jury, as to whether a certain promissory note which had been handed to a certain witness and concerning which the witness had testified, as both admit, was in fact introduced in evidence. Thereupon the presiding Judge was called upon to determine the disputed fact, who decided that the note had been offered in evidence. If this decision was legal surprise and counsel could, as he claims, have shown by competent testimony that the note had in fact no application to the case but was a part of a different transaction, he should then and there have applied to the Court, on the ground of his surprise, for leave to introduce his testimony. It was not too late, in the discretion of the Court, for him to do so, and doubtless, if satisfied that the allegation of surprise was made in good faith, the Court would have permitted it, and there is no pretense that his testimony was not at hand. When during the progress of a trial conditions are found to exist which may amount to legal surprise, it is better for the purposes of justice and the convenience of Courts and litigants to afford relief at once and on the spot, if it can be done ; and in the exercise of that sound discretion which the law recognizes as vested in Judges they should not refuse such relief, if attainable under the circumstances, and it is not to be presumed that they will. This discretion however should be exercised with great care and only in cases were the Court is satisfied that the surprise has not resulted from carelessness, for its exercise in such a case would be demoralizing and tend to a relaxation of that vigi-

lance on the part of counsel which the due and orderly conduct of a trial renders indispensable. What we mean to say is that the relief should be granted on motion at the trial, if practicable, when it would be granted on motion after the trial, and not otherwise.

Suppose in the present case the Judge had decided the dispute against the plaintiff. He would have been bound to ask leave to introduce the note then and there, and if denied take a nonsuit, and would not have been allowed to take his chances for a verdict, and if against him claim a new trial. (*Live Yankee Company* v. *Oregon Company*, 7 Cal. 40 ; *Turner* v. *Morrison*, 11 Cal. 21.) This rule, when applicable and so far as applicable, is no less obligatory upon the defendant.

As already intimated, it is the duty of the Courts to look upon applications for new trials upon the ground of surprise with suspicion, for the reason that from the nature of the case surprise may be often feigned and pretended, and the opposite party be unable to show that such is the case. Hence the party alleging surprise should be required to show it conclusively and by the most satisfactory evidence within his reach. Upon the question whether the note was in fact offered in evidence the defendant presents several affidavits; but upon the question of surprise—upon the question whether, in consequence of the supposed failure of the plaintiff to formally offer the note—the defendant was misled to his prejudice, which is the important and material question, only the affidavit of the defendant is offered. If anybody was deceived or misled it was the attorney of the defendant who managed the case and not the defendant. If the attorney was misled the fact must necessarily be better known to him than defendant, if not known to him only, which last is the most reasonable supposition. In view therefore of the rule requiring the most satisfactory evidence within reach, the affidavit should have been made by the attorney and not the client. The party who must necessarily know the least about them is made to swear to the facts, while he who must necessarily know the

truth of the whole matter.swears not at all, which fact may
have tended not a little to cast doubt upon the *bona fides* of
the motion in the judgment of the Court below, and relieves
us of any doubts which might have existed otherwise as to the
soundness of its decision.

III. The testimony of Spooner and the two Franks and
the contract between the plaintiff and defendant was properly
excluded in view of the issue, to which they appear to have
been wholly irrelevant. The only issue about which there
was any real contest was as to whether the defendant had
paid the money to the plaintiff's wife. The defendant did not
pretend that the money was not due under the contract, but
that it had been paid.

Order affirmed.