## JAMES NOONEY v. DAVID MAHONEY.

NEW TRIAL ON GROUND OF SURPRISE.— The appellate Court will not reverse an order of the Court below denying a new trial, applied for on the ground of surprise, unless there has been an abuse of discretion in the Court below in refusing a new trial.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The action was commenced in December, 1864, and an answer was filed denying the allegations of the complaint. Previous to the term of the Court for July, 1865, when the Clerk made up the calendar for that term, he failed to place the cause thereon for trial. It was the custom of the Clerk to print the list of causes for trial, and hang up copies of the same for inspection of attorneys and parties. On the 6th of July the Clerk placed the cause on the calendar for trial. On the 4th of August it was called for trial, and no one appearing for defendant plaintiff recovered judgment for two thousand dollars.

Defendant moved for a new trial, on the ground of surprise, and filed affidavits in support of the motion. Counter affidavits were filed on behalf of plaintiff. The Court denied a new trial, and·defendant appealed from the order.

The other facts are stated in the opinion of the Court.

*Campbell, Fox & Campbell,* for Appellant.

*Porter & Holladay,* for Respondent.

By the Court, RHODES, J.:

The granting or refusing of a new trial, which, is asked for on the ground of surprise, is a matter resting very much in the legal discretion of the Court below, and the appellate

Court is not justified in interfering with the order, unless an abuse of discretion is made to appear. (*Smith* v. *Richmond*, 15 Cal. 502; *Schellhous* v. *Ball*, 29 Cal. 605.) We are by no means satisfied that the Court erred in holding that the defendant had failed to make out a case of surprise that ordinary prudence could not have guarded against. The placing of the cause on the calendar for trial by the Clerk, after the commencement of the term, cannot be said to have been more than an irregularity. The omission to place it on the calendar before the commencement of the term, was also an irregularity, which the plaintiff was entitled to have corrected. And conceding that the placing of the cause on the calendar by the Clerk without being ordered so to do by the Court was erroneous, the defendant cannot claim that he was surprised by the cause being thus entered, for, after the commencement of the term, the plaintiff several times informed him of that fact, stated the number of the case on the calendar, and told him that he would bring the case on to trial at that term. The defendant, knowing that the cause was not on the calendar as printed, was put upon his inquiry by the repeated statements of the plaintiff, and, as a prudent man, he should have searched the calendar at the Clerk's office, where he would have learned that the cause was on the calendar, and liable to be called up in its order.

Judgment affirmed.