EDMOND BROOKS v. W. J. DOUGLASS, ELIZABETH DOUGLASS, HIS WIFE, ROBERT C. BROOKS, AND DAVID CALDERWOOD, INTERVENOR.

TRIAL AFTER CHANGE OF VENUE.—If the defendant procures a change of venue, the plaintiff may pay the costs and transmit the papers to the county fixed as the place of trial, and have the case placed on the calendar and tried.

NEW TRIAL ON GROUND OF SURPRISE.—In order to sustain a motion for a new trial on the ground of surprise, the moving party must show not only surprise, but that he is injured by it; and this he must do by showing what case he can establish in the event of a new trial.

ISSUES OF LAW AND FACT.—When there is both a demurrer and an answer to the same complaint, raising both an issue of law and fact, the issue of law should first be disposed of.

IDEM.—When there are both issues of law and fact joined in the same cause, and the cause is tried on the issues of fact and a judgment rendered, the presumption will be indulged, on appeal, that the issue of law had first been disposed of.

DEMURRER AND ANSWER.—An issue of law and fact should not be mixed in an answer. A demurrer should be filed as a separate pleading.

APPEAL from the District Court, Third Judicial District, Alameda County.

The facts are stated in the opinion of the Court.

A. Williams, for Appellants Douglass and wife, and D. Calderwood, in pro per., argued that there were issues of both law and fact to the complaint, and that the issue of law should

have been first tried; and cited Prac. Act, Sec. 155; and *Hester's Adm'r* v. *Clements et al.*, 21 Cal. 425.

*Daniel Rogers*, for Respondent.

The appeal, as to the demurrer, must be determined on the judgment roll. What is called a demurrer by appellant was an answer. There was no issue of law.

By the Court, CURREY, C. J.:

This action was brought in the District Court of the Twelfth Judicial District, in and for the City and County of San Francisco, by the plaintiff in possession by his tenant of certain real property in said city and county, against the defendants, who claimed some estate or interest in the property adverse to him, for the purpose of determining such adverse claim, estate or interest. Before Douglass and wife appeared in answer to the summons in the case, David Calderwood petitioned to be allowed to intervene by uniting with them in defense, on the ground that he had contracted to purchase of them an undivided half of their interest in the premises for a certain consideration, a part of which he had paid. This petition was granted, and thereupon Douglass and wife and Calderwood united in an answer traversing the material allegations of the complaint and also pleading some affirmative matters in bar of plaintiff's right to maintain the action. Some time after this, on their application, the place of trial was changed to the District Court of the Third Judicial District, in and for the County of Alameda, in which latter district and county the cause was brought on for trial by the plaintiff in the absence of the defendants. The cause was submitted to the Court upon the pleadings and evidence produced by the plaintiff. Whereupon a judgment and decree was rendered for the plaintiff in accordance with the prayer of the complaint. After this Douglass and wife and Calderwood gave notice of their intention to move for a new trial, on the grounds: First, Of

surprise, against which ordinary prudence could not have guarded. Second, Of the insufficiency of the evidence to justify the decision of the Court; and Third, That such decision was against law.

The motion being denied, Douglass and wife and Calderwood appealed.

I. The matters of surprise specified were alleged to be, in the first place, that the pleadings and proceedings in the cause were transmitted from the Court in which the action was commenced to the District Court in and for Alameda County by the procurement of the plaintiff's attorney after the order changing the place of trial was made; and, in the second place, that the testimony of a witness for the plaintiff as to the nature of the plaintiff's possession of the premises was not true, by reason whereof the defendants were taken by surprise.

The appellants claim that by the rules and practice of the District Court the party moving the change of venue was the party to pay the costs and have the cause duly transferred and placed on the calendar of the Court to which it was ordered transferred for trial, on written notice to the opposite party, and that if the appellants failed to pay the costs of transfer and to have the pleadings and proceedings in the cause transferred as ordered, the plaintiff's remedy was to move the Court on affidavit, showing the laches of the appellants, and thereon obtain an order vacating the order changing the venue.

We are not advised, by the transcript of the record, of any such rules or practice. We cannot presume the existence of any particular rules or practice of the District Court in such cases. The appellants claim a positive benefit from their own premeditated laches, as appears by the affidavit of Calderwood submitted on the motion for a new trial. Calderwood deposed that some time after the order of transfer was made the plaintiff's attorney gave him verbal notice requesting him and his co-defendants, Douglass and wife, to pay the costs of the transfer of the cause, when he stated to the plaintiff " that neither

the defendants nor the intervenor would pay the costs of transfer unless compelled to." · We are not aware of any law or rule of Court preventing the plaintiff in such a case from doing what was necessary to carry into effect the order directing the transfer of the cause to the District Court in and for Alameda County for trial. We should be surprised, indeed, to discover the existence of any such law or rule, · and as the appellants have not referred us to any, we shall presume none exists.

It appears from the affidavit of the attorney for Douglass and wife that the plaintiffs told him some time before the cause was tried that it would be tried at the approaching June term of the District Court in and for Alameda County, but the defendant's attorney says he did not know what the plaintiff's attorney meant, as he was not aware at the time that the order transferring the cause for trial had been made. The attorney for plaintiff deposed that he told Calderwood on several occasions that the plaintiff was determined to have the cause tried at said June term ; also, that some two weeks before the cause was tried he asked the defendants' attorney if he intended trying the cause for the defendants, informing him at the same time that he had ordered the papers in the case to be sent to the District Court for Alameda County, and that the cause would be upon the calendar for the June term, and would be tried during such term. To which the defendants' attorney replied that he had not been paid, or if not paid he would not try the cause.

The appellants say they were surprised by the testimony given upon the trial, on the ground that the same as to the nature of the plaintiff's possession of the premises in controversy was false testimony. The affidavits on which the motion for a new trial was made do not sustain the allegation that such testimony was false.

There is nothing stated in the affidavits on which the allegation of surprise against which ordinary prudence could not have guarded, can find support. In order to sustain a motion for a new trial on the ground of surprise, the moving party must

show not only a surprise, but that he is injured by it; and this he must do by showing what case he can establish in the event of a new trial. (*Patterson* v. *Ely*, 19 Cal. 35, 36; *Blake* v. *Howe*, 1 Aikens, 310; *Taylor* v. *California Stage Company*, 6 Cal. 228; *Schellhous* v. *Ball*, 29 Cal. 605.)

II. The decision and judgment was alleged to be against law, because a certain issue of law presented by the pleadings was not disposed of before the trial of the action upon the issue of fact joined.

The answer of Douglass and wife and Calderwood commenced as follows: "The above named defendants for answer to the complaint filed herein allege as follows: That the said complaint does not state facts sufficient to constitute a cause of action, this being a suit for an injunction, inasmuch that plaintiff has not alleged in his complaint that he has exhausted all remedy at law, or that he is without remedy at law."

Where there are issues both of law and fact to the same complaint the issue of law shall first be disposed of. So the statute provides. (Prac. Act, Sec. 155.) When there are both issues of law and fact, and the cause is brought on to trial and the issues of fact are tried and a judgment rendered in the cause, the presumption will be indulged that the issue of law was disposed of previously by an order overruling the demurrer, or that the demurrer had been waived or withdrawn. The demurrer that the complaint does not state facts sufficient to constitute a cause of action, was called by the defendants an answer, and though it may, for aught that appears, have been allowed by them to sleep undisturbed in its misplaced position, we shall not presume the Court omitted to dispose of it in its proper order unless it was in effect waived or withdrawn from the record. Nor should we be inclined to disturb the judgment, even were it made to appear that the Court omitted to pass directly upon the question of law suggested by the portion of the answer above quoted. If a defendant wishes to obtain a decision of the Court upon a question of law arising upon the face of the complaint, in advance of the trial of the cause, upon an issue of fact joined, the proper

practice is to do so by a demurrer in terms as a distinct plead-ing. The practice of mixing matters of law and fact in the same pleading is not to be commended and should be discoun-tenanced by all engaged in the administration of justice.

Judgment affirmed.