WILLIAM J. DOUGLASS *et al.*, APPELLANTS, *v.* EDMOND BROOKS,
RESPONDENT.

PLEADING—MISTAKE.—In an action to set aside a former judgment between the
same parties on the ground of mistake, if the complaint fails to make explana-
tion of the mistake, or the causes which produced it, it fails to set forth facts
sufficient to constitute a cause of action.

APPEAL from the District Court of the Third District,
Alameda County.

The case is stated in the opinion.

*E. L. B. Brooks* and *D. Calderwood*, for Appellants.

*Daniel Rogers*, for Respondent.

CROCKETT, J., delivered the opinion of the Court:

This is an appeal from a judgment rendered for the de-
fendant on a demurrer to the complaint. It appears from
the complaint that on the 28th of July, 1865, the defendant
commenced an action in the Twelfth District Court against
the present plaintiffs, to quiet his title to a lot in San Fran-
cisco, of which he was in possession; that the defendants
therein appeared to the action and filed a demurrer and an-
swer at the same time; that the cause was afterwards trans-
ferred for trial to the District Court for Alameda County;
that in June, 1866, in the absence of the defendants therein,
the cause was brought on for trial by the plaintiff before
the Court, without a jury, and before the Court had dis-
posed of the demurrer to the complaint; that on the trial a
judgment was rendered for the plaintiff quieting his title, as
prayed for; that thereupon the defendants therein moved
the Court, on affidavits, to set aside the judgment, which
motion was denied; that thereupon the said defendants ap-
pealed to this Court from said order and the judgment; that
on the hearing of the appeal the order and judgment were
affirmed, on the ground that it did not appear from the
record that the demurrer to the complaint was not disposed
of before the trial; that the then defendants (present plain-
tiffs) "made a mistake in not positively stating, in said affi-

davits, that said demurrer to said complaint was not disposed of when the trial was so had on the 18th day of June, 1866, as they intended to do in said affidavits, and as the fact was that said demurrer was not so disposed of when said trial was so had therein, nor since." The prayer is that the judgment be set aside, and for other relief. The complaint contains much other matter which we deem it unnecessary to notice, inasmuch as the plaintiffs are concluded by the judgment referred to, unless it shall be set aside. The judgment has been finally affirmed on appeal to this Court (32 Cal. 208), and the complaint alleges it was affirmed because it did not appear from the record that the demurrer had not been disposed of at the time of the trial. The plaintiffs now seek to escape the bar of the judgment, affirmed on appeal, by the averment that in the affidavits used on the motion to vacate the judgment they "made a mistake in not positively stating in said affidavits," as they intended to do, that the demurrer to the complaint had not been disposed of at the time of the trial. No explanation is given of the mistake or of the causes which produced it. If final judgments of the highest Courts could be set aside on such grounds as these, there would be no end to litigation, and judicial proceedings would become a by-word and a mockery.

Judgment affirmed.