## MARTIN *v.* HILL.

<table><tr><td>3</td><td>157</td></tr><tr><td>15</td><td>141</td></tr></table>

ERRONEOUS INSTRUCTIONS TO THE JURY TO BE MADE AVAILABLE ON APPEAL must appear to have been material, or that they were calculated to mislead the jury or produce a wrong result.

IT IS NOT ERROR TO REFUSE AN INSTRUCTION which has already, in substance, been given.

AFFIDAVITS FOR A NEW TRIAL UPON THE GROUND OF SURPRISE must be made by the attorney, and not the defeated party, and should show that the facts from which surprise resulted had a material bearing on the case, and that the verdict is mainly attributable to them.

APPEAL from the third district court. The jury returned a verdict in favor of the plaintiff for one thousand seven hundred and fifty dollars, and judgment was entered accordingly. The defendant moved for a new trial, which was denied, and this appeal is from that order.

*R. N. Baskin* and *C. F. Blandin,* for the appellant, argued that it was error to refuse the instruction requested by the defendant, and that defendant was taken by surprise in the instruction to the jury on a state of facts, evidence in support of which had been excluded at the trial.

*Marshal & Royle,* for the respondent.

If affidavits are used to establish surprise, "they must be conclusive, and the facts in respect of which the evidence creating the surprise was given must be such as that the verdict may be mainly attributable to their effect upon the decision of the cause."

The surprise must be shown by the most satisfactory evidence in reach of the defendant, and the facts constituting legal surprise must be shown by an affidavit of the attorney, and not of the client.

To sustain each of which propositions we cite *Schellhouse* v. *Ball,* 29 Cal. 605, affirmed in *Brooks* v. *Douglass,* 32 Id. 212. No case should be reversed for error in an instruction, "where the error does not militate against appellant, or injure him, or where the jury were not misled by it, or where justice appears to have been done, or where no other conclusion could have been arrived at from the evidence:" 3 Estee's Pl. 612, secs. 87, 88.

"The whole charge to the jury should be taken together, and if the case appears to have been fairly presented to the jury, the verdict will not be disturbed:" 3 Estee's Pl. 612, sec. 89.

Neither will a verdict be disturbed "on a misdirection of the court, in a matter not material to the merits of the cause:" 3 Estee's Pl. 592, sec. 54.

EMERSON, J.:

The alleged errors are all based upon the instructions to the jury.

All the testimony produced upon the trial is brought up in the record, and we have examined it in the light of the objections to the charge and the arguments of counsel.

The clear preponderance of proof establishes the contract as claimed by the plaintiff, and the jury must have so found. The applicability of the whole of this branch of the charge, including the portion objected to, depended upon finding that this "new contract of storage," as claimed by the defendant, was made. The jury found against the defendant upon this point. There is no claim but what the testimony relative to the contract between the parties was fairly left to the jury under proper instructions.

The objection under consideration relates to clauses in two instructions, which can have no bearing upon the case, because the jury did not find the facts to which the instructions themselves apply. So that even if it be true that there was no testimony as to the condition of the materials at the time the alleged contract of storage was made, yet the instruction did not prejudice the defendant's case.

The portion objected to, in its connection with the balance of the charge, could have had no tendency to mislead the jury, or "withdraw their attention from the legitimate points of inquiry involved in the issue." It was not a substantive direction upon a supposed or conjectured state of facts, but rather a limitation upon their action in the event they found the contract of storage was made. Finding that some other contract was made, and that this for storage was not, this whole branch of the charge, including the objectionable portion, was withdrawn from the attention of the jury, and could not have

affected the result.    Even if there was error in the charge, it can not be made available on an appeal, unless it was material, or calculated to mislead the jury or to produce a wrong result. There was no error in refusing the request asked by the defendant and refused by the court.

The substance of this request had already been given in another part of the charge, and it was not error to refuse to repeat it.

As another ground for a new trial, the defendant claimed that he was surprised by the instructions of the court heretofore mentioned.    The affidavit showing this is made by the defendant himself.    This should have been shown by the affidavit of the attorney, and not of the client.    The party alleging facts constituting legal surprise is bound to show them by the best evidence within his reach: *Schellhouse* v. *Ball,* 29 Cal. 605.    But aside from this, the judgment ought not to be reversed on this ground.    In order to reverse a judgment, the fact or facts from which surprise resulted must be shown to have had a material bearing upon the case, and the verdict mainly attributable to them.

We have already seen that the verdict can not in any degree be attributable to the instructions objected to.

Judgment affirmed with costs.

HUNTER, C. J., and TWISS, J., concurred.