[No. 9711.  Department Two. — March 20, 1888.]

## FREDERICK SCHUMACHER, RESPONDENT, v. PATRICK CONNOLLY, APPELLANT.

SALE—DELIVERY—CHANGE OF POSSESSION. — The sale by which the plaintiff claims title to the property in question, *held*, to have been accompanied by an immediate delivery, and by an actual and continued change of possession.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

On and prior to the 26th of June, 1883, one Richard White was the owner and in possession of a crockery store and contents at No. 340 Third Street, in the city and county of San Francisco, and was living with his family in a room back of the store. On that day he sold the store and its contents to one M. Seligman, and afterwards never had anything to do with the business, and never went near the place again. Seligman immediately took possession and held the same until he sold out to the plaintiff, who then took possession. After the plaintiff became the owner of the store, he employed Mrs. White, the wife of the original vendor, to assist him in managing the business. While the store was being conducted by the plaintiff, its contents were attached as the property of White. The further facts are stated in the opinion.

*George A. Knight,* for Appellant.

*Henry Eickhoff,* for Respondent.

FOOTE, C.—This was an action for damages against Connolly, as sheriff, for the alleged wrongful seizure of the plaintiff's property, under writ of attachment against one R. White. The cause was tried by a jury.

The plaintiff had a verdict for six hundred dollars. A motion for a new trial was duly made, and the court below ordered "that said motion be granted unless the plaintiff shall consent in writing to a reduction of the judgment herein from the sum of six hundred dollars to the sum of three hundred dollars, in which case the judgment will be modified accordingly, and the said motion for a new trial denied."

The plaintiff consented to have the judgment modified as required by the court, and from the judgment thus made and given, and the order denying a new trial, this appeal is taken.

The point is made by the appellant that the judgment

should be reversed because the evidence shows that there was no immediate transfer and actual and continued change of possession of the property attached, either from White, the defendant in the attachment suit, to one Seligman, who first bought the goods, or to his vendee, Schumacher, the present plaintiff. It was also claimed that the sale was fraudulent. We perceive nothing in the record to warrant us in sustaining the last contention.

The evidence sufficiently shows an immediate transfer, and an actual and continued change of possession of the property attached from White, the defendant in attachment, to Seligman, and from him to the plaintiff.

There was a conflict in the evidence as to the value of the property attached, and the modification of the judgment under the order of the trial court should stand.

We advise that the judgment and order appealed from be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For reasons given in the foregoing opinion, the judgment and order are affirmed.