[No. 13189. In Bank. — September 10, 1890.]

GEORGE S. McLEAR, RESPONDENT, v. JOSEPH HAP-
GOOD ET AL., APPELLANTS.

NEW TRIAL — SURPRISE — CONTINUANCE. — The party who claims to be surprised must move for a continuance at the earliest practicable period. He is not ordinarily allowed to wait until he sees how the case is going before he makes his motion. Instance.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion.

*J. C. Black*, for Appellants.

*Goodwin & Goodwin*, for Respondent.

HAYNE, C. — This is a separate appeal in the same case as No. 13720, *McLear v. Hapgood, ante,* p. 555. The only ground relied upon here is, that the defendants were surprised by the discovery, at the trial, of a material alteration in a document introduced in evidence by the plaintiff, viz., the interlineation of the word

"surplus" in such document. The position is, that if the defendants could have shown that this word was inserted after the execution of the document, the plaintiff would be estopped by the recitals of the instrument, and that their motion for a continuance should have been granted, for the purpose of enabling them to obtain the evidence of experts, and of the defendant A. D. Black, in relation to the matter. It is the rule, however (subject to but few exceptions), that a party claiming to be surprised must move for a continuance at the earliest practicable moment. He is not ordinarily allowed to wait until he sees how the case is going before he makes his motion. In the present case it appears that the document in question was introduced as part of the plaintiff's case; that the defendant, who appeared *in propria persona*, and for his co-defendants, saw the duplicate agreement coming from the hands of the plaintiff, and saw the interlined word "surplus," on the day before he moved for a continuance; that being so informed of the facts he did not move for a continuance at the time the document was introduced in evidence, or at the close of the plaintiff's case, but proceeded to open the case for the defendants and himself, took the stand, and "testified as to the circumstances attending the signing of said contract," and "placed upon the witness stand defendant Joseph Hapgood, and his son, Nathan Hapgood, and interrogated them fully as to the circumstances attending the signing of the agreement." Such being the case, we cannot say that there was an abuse of discretion in refusing the continuance.

We therefore advise that the judgment be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.