*Mr. Hernández López* for appellant.

*Mr. Antonio Sarmiento* for respondent.

---

### Fajardo et al. *v.* Tió.

### Appeal from the District Court of Ponce.

No. 568.—Decided March 31, 1911.

New Trial—Appeal—Appellant's Brief—Assignment of Errors.—Although noncompliance on the part of the appellant with rule 42 of the Supreme Court, by omitting the assignment of errors upon which his appeal is based, would be sufficient reason for declining to consider it; however, in the case at bar the court passes over said omission, on the assumption that the error of the court below, which would probably be set forth by the appellant, consisted in overruling the motion for a new trial.

ID.—SURPRISE—ADMISSION AND EXCLUSION OF EVIDENCE.—The surprise or accident which under paragraph 2, section 221, of the Code of Civil Procedure may give rise to a new trial is not the surprise produced by the admission or exclusion of evidence, but such as might arise when the applicant is misled by previous statements of a witness and subsequent testimony given by such witness contradictory of his statement, it being necessary to show that such surprise did not arise from the fault or negligence of the applicant for a new trial.

ID.—NEWLY DISCOVERED EVIDENCE—DILIGENCE OF THE PARTY—ALLEGATIONS IN MOTION FOR A NEW TRIAL.—The facts of the materiality of the evidence and that it is newly discovered and could not by the use of reasonable diligence have been discovered and offered at the trial, and that such diligence was really used by the applicant, must all be set forth in the motion for a new trial, and must also be proven by affidavits or otherwise, to the satisfaction of the court.

ID.—DISCRETION OF THE COURT.—Courts have a large discretion in granting or refusing new trials based on newly discovered evidence.

ID.—ABUSE OF DISCRETION.—In order to sustain an appeal for refusal to grant a new trial it must be shown that the court abused its discretional powers in refusing said motion.

ID.—EFFECT OF NEWLY DISCOVERED EVIDENCE—DIFFERENT RESULT OF THE TRIAL.—In order to decree a new trial based on newly discovered evidence, the latter, if admitted, should be such as would change the result of the former trial or cause a different judgment to be entered.

ID.—MANIFEST INJUSTICE—REVERSAL OF AN ORDER REFUSING A NEW TRIAL.— Unless manifest injustice has been done in refusing a new trial, the appellate court should not reverse the order of the court below made in the exercise of its discretion.

ID.—INSUFFICIENT PROOF—CONTRADICTORY EVIDENCE.—In cases where the evidence is contradictory and one of the grounds of the motion for a new trial should be insufficient evidence, the appellate court must not disturb the findings of the court below unless satisfied that the decision has been influenced by partiality, prejudice, or passion, or it is necessary to correct a manifest error leading to a miscarriage of justice.

ID.—ALLEGATIONS OF THE COMPLAINT—SUFFICIENT EVIDENCE.—The appellate court shall not reverse a judgment on the ground of insufficient evidence when such evidence is sufficient to sustain the allegations made in the complaint, though not altogether as satisfactory as it might be.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Messrs. José A. Poventud* and *Domingo Sepúlveda* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from an order overruling a motion for a new trial. The motion is based on three grounds.

First. Accident and surprise which no ordinary prudence could prevent.

Second. Newly discovered evidence which is alleged to be important for appellant and which, in spite of reasonable diligence, could not have been discovered and offered on the trial.

Third. Because the evidence presented by the plaintiff is insufficient to justify a judgment in his favor, the same being contrary to law.

This motion, as it is claimed, is based on section 223 of the Code of Civil Procedure, and reference is made therein to affidavits filed, to the orders and documents found in the suit, to the minutes of the court, and to a statement of the case.

On April 29 last this motion was denied by the trial court and an order entered to that effect. It is from this order that the present appeal is taken.

In his brief the appellant bases his motion for a new trial on the second, third, and fifth paragraphs of section 221 of the Code of Civil Procedure, which, in giving the causes for which new trials may be granted, read as follows:

"2. Accident or surprise, which ordinary prudence could not have guarded against.

"3. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

"5. Insufficiency of the evidence to justify the judgment or other decision, or that it is against the law."

No effort whatever is made in his brief by counsel to comply with rule 42 of this court, which reads as follows:

"Within 10 days after the transcript of record has been filed in this court the attorney for the appellant shall file in court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based; and he shall, in addition thereto, comply with the law of procedure now in force."

This would be a sufficient reason for declining to consider further the appeal presented. But inasmuch as the error of the court below, which would probably be set forth by appellant, would consist in overruling the motion for a new trial, we will pass over the failure to set out in his brief an assignment of errors, with the admonition to "go and sin no more," and take up the several matters as presented:

First. As to the surprise of the defendant by the evidence offered on behalf of the plaintiff it is enough to say that if the same was pertinent to the issues made by the pleadings the defendant had no occasion to be surprised, and if the evidence was not pertinent to the issues the defendant should have objected to its introduction on this account; and, if it were admitted over his objections, he should have saved the point by a proper exception, for review in this court. (*Armstrong* v. *Davis,* 41 Cal., 499.)

The accident or surprise mentioned in the statute relates to matters entirely different from the admission or exclusion of evidence, and paragraph second of the section quoted has no application to this case. A case of surprise which would fall under this clause of the statute might arise when the applicant is misled by previous statements of a witness and subsequent testimony given by such witness contradictory of his statement. And if there had been alleged in the motion any sufficient ground of surprise it would be incumbent on the applicant to show that such surprise did not arise from his own fault or negligence; which the appellant herein, in view of the counter-affidavit filed in the record, has clearly failed to do. (*McLear* v. *Hapgood,* 85 Cal., 557; *Dewey* v. *Frank Bros. & Co.,* 62 Cal., 343; *Ferrer* v. *H. M. Ins. Co.,* 47 Cal., 416; *Brooks* v. *Douglass,* 32 Cal., 210; *Schellhous* v. *Ball,* 29 Cal., 605; *Taylor* v. *Cal. Stage Co.,* 6 Cal., 229; *Rogers* v. *Huie,* 1 Cal., 429.)

Second. As to newly discovered evidence. The law is plain that it must be, in the first place, material for the applicant, and, in the second place, it must be not only newly dis-

covered but also such evidence as he could not with the use of reasonable diligence have found and produced on the trial. (Sec. 221, Code Civil Procedure, Sess. Acts 1904, p. 244; *People* v. *Goitia,* 5 P. R., 253; *Silva* v. *Salamanca et al.,* decided June 12, 1908, and cases cited.)

The facts of the materiality of the evidence and that it is newly discovered and could not by the use of reasonable diligence have been discovered and offered at the trial, and that such diligence was really used by the applicant, must all be set forth in the motion for a new trial, and must also be proven by affidavits or otherwise, to the satisfaction of the court, which has a large discretion in granting or refusing new trials on this ground. (*Viso* v. *Porto Rico Sugar Co.,* decided Dec. 15, 1910, and cases there cited; 37th Digest American Century, columns 1113, *et seq.*)

After all, the main question involved herein is whether or not the district court committed any abuse of discretion in refusing a new trial on this ground, for such abuse must be shown in order to sustain an appeal for such a cause. (*Crystal Lake Ice Co.* v. *McAulay,* 75 Cal., 632; *Harrison* v. *S. St. Ry. Co.,* 116 Cal., 161; *Spottiswood* v. *Weir,* 80 Cal., 448; *Hall* v. *Jensen,* 14 Idaho, 170.)

And clearly a motion for a new trial, based on newly discovered evidence, is addressed largely to the discretion of the trial court, who has recently heard all the evidence in the case from the lips of the witnesses themselves and who can determine whether or not the evidence which the applicant wishes to be considered would, if admitted, change the result of the former trial or cause a different judgment to be entered. If the same result would ensue from the second trial, with the newly discovered evidence before the court, it would be a vain and useless proceeding to grant a new trial and go through the whole case again in order to satisfy a whim or fancy on the part of the loser in the first judicial contest. (*Byrne* v. *Reed,* 75 Cal., 282.)

Unless manifest injustice has been done in refusing the new trial the appellate court will not attempt to revise the discretion which has apparently been properly exercised in the refusal of the new trial. (See *Silva* v. *Salamanca,* decided by this court on June 12, 1908, and *Viso* v. *P. R. Sugar Co.,* also decided by this court on Dec. 15, 1910, and the numerous cases cited in those opinions.)

We now arrive at the third and last ground urged for a new trial, to wit, insufficient evidence and *ergo* that the judgment is contrary to law. We may premise on this point that it is contended by the appellant that the evidence in the case is contradictory, though the record shows none offered by the defendant, and in such cases an appellate court is loath to disturb the findings of the court below, and generally will not do so unless satisfied that the decision has been influenced by partiality, prejudice, or passion, or it is necessary to correct a manifest error leading to a miscarriage of justice. (*Torruella* v. *Vázquez et al.,* decided by the Supreme Court, P. R., on May 24, 1910; *Román* v. *Am. R. R. Co.,* decided Jan. 29, 1906; *Morales et al.* v. *Landrau,* decided Dec. 18, 1909; *Irizarry* v. *Trujillo,* decided Jan. 31, 1910; *Betancourt* v. *Lamas y Méndez,* Apr. 29, 1910.)

Moreover, the facts and their sufficiency have been discussed at large, in the opinion of this court, rendered on the appeal from the judgment in this same case filed on the 24th of last month, and further elaboration is unnecessary.

The evidence, though not altogether as satisfactory as it might be, is sufficient to sustain the allegations made in the complaint, and we are unwilling to disturb the judgment on this ground.

But while the court finds in favor of the plaintiff for the whole amount of ($600) six hundred dollars claimed in the complaint, no account is taken of the ($40) forty dollars proved to have been paid by the defendant to the girl, Margarita, from time to time in small sums since the death of her mother. This credit should have been allowed and the

judgment, if any were rendered for this claim, reformed accordingly, making the principal sum ($560) five hundred and sixty dollars instead of ($600) six hundred dollars. But, as decided in the opinion of February 24 heretofore mentioned, no liability exists on the part of the defendant for the ($600) six hundred dollars claimed, and it should be entirely eliminated from the judgment.

For the reasons stated herein the order overruling the motion for a new trial should not be disturbed, and as thus modified the judgment of the trial court should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey took no part in the decision of this case.