## Fajardo et al. *v.* Tió.

Apelación procedente de la Corte de Distrito de Ponce.

No. 568.—Resuelto en marzo 31, 1911.

Nuevo Juicio—Apelación—Alegato del Apelante—Señalamiento de Errores.—Aunque el incumplimiento por parte del apelante de los preceptos del artículo 42 del Reglamento del Tribunal Supremo, dejando de señalar los errores en que funda el recurso, sería razón suficiente para dejar de considerar una apelación, sin embargo, en el caso de autos el tribunal pasa por alto dicha omisión, suponiendo que probablemente el error que el apelante había de alegar sería el de haberse denegado la moción de nuevo juicio.

Id.—Sorpresa—Admisión y Exclusión de Pruebas.—La sorpresa o accidente que de acuerdo con el párrafo 2 del artículo 221 del Código de Enjuiciamiento Civil, puede dar lugar a un nuevo juicio, no es la sorpresa que produce la admisión o exclusión de pruebas, sino la que tendría lugar por ejemplo, si una parte hubiera sido engañada por un testigo declarando en una forma contraria a las manifestaciones que había hecho con anterioridad, el mismo testigo, siendo necesario demostrar que la sorpresa no ha sido producida por culpa o negligencia de la parte que solicita el nuevo juicio.

Id.—Pruebas Recientemente Descubiertas—Actividad de la Parte—Alegaciones en una Moción de Nuevo Juicio.—En una moción de nuevo juicio

deben alegarse todos los hechos tendentes a demostrar la importancia de las pruebas recientemente descubiertas y que a pesar de la actividad desplegada por la parte interesada no ha podido descubrirlas ni presentarlas en el acto del juicio, debiendo tales hechos ser probados a satisfacción de la corte por medio de declaraciones juradas o de cualquier otro modo.

ID.—DISCRECIÓN DEL TRIBUNAL.—Los tribunales tienen una discreción muy amplia para conceder o denegar las mociones de nuevo juicio que se funden en pruebas recientemente descubiertas

ID.—ABUSO DE DISCRECIÓN.—Para poder sostener con éxito una apelación contra una resolución denegatoria de nuevo juicio, es necesario demostrar que el tribunal abusó del ejercicio de su facultad discrecional al denegar dicha moción.

ID.—EFECTO DE LAS PRUEBAS RECIENTEMENTE DESCUBIERTAS—RESULTADO DISTINTO DEL LITIGIO.—Para que pueda decretarse un nuevo juicio fundado en pruebas recientemente descubiertas, es necesario que examinando dichas pruebas y dándolas por admitidas, producirían una sentencia distinta de la que ya se ha dictado.

ID.—INJUSTICIA MANIFIESTA—REVOCACIÓN DE LA ORDEN DENEGANDO UN NUEVO JUICIO.—Para que el tribunal dé apelación revoque la resolución denegatoria de nuevo juicio, dictada por un tribunal inferior en el ejercicio de su discreción, es necesario que se haya cometido una injusticia manifiesta al denegar dicha moción.

ID.—INSUFICIENCIA DE LA PRUEBA—PRUEBA CONTRADICTORIA.—En los casos en que la prueba sea contradictoria y uno de los fundamentos de la moción de nuevo juicio sea la insuficiencia de la prueba, el tribunal de apelación no revocará ni modificará la apreciación hecha por el tribunal inferior a menos que se demuestre que actuó movida por prejuicio, parcialidad o pasión, o que se ha cometido una injusticia.

ID.—ALEGACIONES DE LA DEMANDA—SUFICIENCIA DE LA PRUEBA.—El tribunal de apelación no revocará una sentencia impugnada en apelación, por insuficiencia de la prueba, cuando ésta es suficiente para sostener las alegaciones hechas en la demanda, aunque no fuere tan completa como pudiera serlo.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Manuel F. Rossy.*

Abogados del apelado: Sres. *José A. Poventud y Domingo Sepúlveda.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un recurso de apelación interpuesto contra una orden desestimando una moción en solicitud de nuevo juicio. La moción está basada en tres fundamentos.

1. Accidente y sorpresa que la prudencia ordinaria no pudo prevenir.

2. Nuevas pruebas descubiertas que se alegan ser impor-

tantes para el apelante y que a pesar de razonables diligencias no pudieron descubrirse y presentarse en el juicio.

3. Porque la prueba presentada por el demandante es insuficiente para justificar una sentencia a su favor, siendo ésta contraria a la ley.

Esta moción, según se alega, se funda en el artículo 223 del Código de Enjuiciamiento Civil, y en ella se hace referencia a declaraciones juradas presentadas, a las órdenes y legajos del pleito, a las minutas de la corte y a una exposición del caso.

El 29 de abril pasado fué desestimada esta moción por la corte sentenciadora, dictándose una orden a ese efecto. Contra esta orden es que se ha interpuesto el presente recurso de apelación.

En su alegato, el apelante basa su moción en solicitud de nuevo juicio en los apartados 2, 3 y 5 del artículo 221 del Código de Enjuiciamiento Civil, los cuales, al exponer las causas por las cuales pueden concederse nuevos juicios, dicen lo siguiente:

"2. Accidente o sorpresa que la ordinaria prudencia no hubiere podido prevenir.

"3. Descubrimiento de nuevas pruebas que sean importantes para la parte solicitante, las cuales a pesar de razonables diligencias, no pudo descubrir y presentar en el juicio.

"5. Insuficiencia de la prueba para justificar la sentencia o decisión, o que ésta fuere contraria a la ley."

No se hace ningún esfuerzo por el abogado, en su alegato, para ajustarse a la regla 42 del reglamento de este tribunal, que dice así:

"Dentro de diez días después de haberse presentado a este tribunal la copia de los autos, el letrado defensor del recurrente, presentará al tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como conste en los autos; así como una exposición de los errores en que funda su recurso, y además de esto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor."

Esta sería una razón suficiente para rehusar el seguir considerando el recurso presentado. Pero puesto que el error·de la corte inferior que probablemente el apelante alegaría consistiría en desestimar la moción solicitando nuevo juicio, pasaremos por alto la omisión de consignar en su alegato un señalamiento de errores, con la amonestación, "váyase y no peque más," y procederemos a considerar las diferentes materias según han sido presentadas.

1. En cuanto a la sorpresa del demandado por la prueba presentada a favor del demandante, basta decir que si dicha prueba era pertinente a las cuestiones planteadas por las alegaciones, el demandado no tuvo oportunidad para ser sorprendido; y si la prueba no era pertinente a dichas cuestiones, el demandado ha debido oponerse a su presentación por esta causa, y, de admitirse, a pesar de su oposición, debió haber reservado el punto por medio de la debida excepción, para ser considerado en la apelación por este tribunal. (*Armstrong v. Davis,* 41 Cal., 499.)

El accidente o sorpresa que menciona el estatuto se refiere a asuntos completamente diferentes de la admisión o exclusión de prueba, y el apartado segundo del artículo citado no tiene aplicación en este caso. Un caso de sorpresa que estaría comprendido en esa cláusula del estatuto podría presentarse cuando el peticionario ha sido inducido a error por anteriores manifestaciones de un testigo y posteriores declaraciones del mismo contradiciendo sus manifestaciones. Y de haberse alegado en la moción un motivo suficiente de sorpresa, sería obligación del peticionario probar que semejante sorpresa no procedía de su propia culpa o negligencia; lo que el apelante en este caso, en vista de las contra declaraciones juradas, claramente dejó de hacer.

*McLear* v. *Hapgood,* 85 Cal., 557.

*Dewey* v. *Frank Bros. & Co.,* 62 Cal., 343.

*Ferrer* v. *Home Mutual Ins. Co.,* 47 Cal., 416.

*Brooks* v. *Douglass,* 32 Cal., 210.

*Schellhous* v. *Ball,* 29 Cal., 605.

*Taylor* v. *Cal. Stage Co.,* 6 Cal., 229.

·*Rogers* v. *Huie,* 1 Cal., 429.

2. En cuanto a las pruebas nuevamente descubiertas, la ley está clara en cuanto a que deben ser, en primer lugar, importantes para el peticionario, y, en segundo lugar, deben ser, no solamente pruebas nuevamente descubiertas, sino que también deben ser tales que a pesar de diligencias razonables no pudieron descubrirse y presentarse en el juicio.

Artículo 221 del Código de Enjuiciamiento Civil, Leyes de P. R., 1904, p. 229.

*People* v. *Goitía,* 5 P. R. R., 253.

*Silva* v. *Salamanca et al.,* resuelto 12 de junio 1908, y casos citados.

Los hechos en cuanto a la importancia de las pruebas y a que son nuevamente descubiertas y que no pudieron descubrirse y presentarse en el juicio a pesar de diligencias razonables y que realmente el peticionario practicó tales diligencias, deben ser todos expuestos en la moción solicitando nuevo juicio, y también deben probarse mediante declaraciones juradas o de otro modo, a satisfacción de la corte, la que posee una discreción amplia para conceder o denegar nuevos juicios por este fundamento.

*Viso* v. *Porto Rico Sugar Co.,* resuelto el 15 de diciembre, 1910; 37 Digest American Century, columnas 1113 et seq.

Después de todo, la principal cuestión aquí resuelta versa sobre si la corte de distrito cometió o nó abuso alguno de discreción al negar el nuevo juicio por este fundamento, pues, tal abuso debe probarse para sostener una apelación con tal motivo.

*Crystal Lake Ice Co.* v. *McAulay,* 75 Cal., 632.

*Harrison* v. *S. St. Ry. Co.,* 116 Cal., 161.

*Spotiswood* v. *Weir,* 80 Cal., 448.

*Hall* v. *Jensen,* 14 Idaho, 170.

Y claramente que una moción solicitando un nuevo juicio, basada en pruebas nuevamente descubiertas, se dirige en gran medida a la discreción de la corte sentenciadora, que no ha

mucho ha oído las declaraciones sobre el caso, de los labios de los testigos mismos y que puede determinar si las pruebas que el peticionario desea que sean apreciadas cambiarían o nó, de ser admitidas, el resultado del juicio anterior, o serían causa de que se dictara una sentencia diferente. De obtenerse el mismo resultado en un nuevo juicio, teniendo la corte a la vista las pruebas nuevamente descubiertas, sería un procedimiento infructuso e inútil conceder un nuevo juicio y volver a examinar el caso para satisfacer un capricho o antojo de la parte que perdiera en la primera contienda judicial.

*Byrne* v. *Reed,* 75 Cal., 282.

Como no se haya cometido una injusticia manifiesta al denegar el nuevo juicio, el tribunal de apelación no habrá de anular la discreción que aparentemente ha sido debidamente ejercitada al denegar el nuevo juicio. (Véanse *Silva* v. *Salamanca et al.,* resuelto por este tribunal el 12 de junio de 1908, y *Viso* v. *P. R. Sugar Co.,* también resuelto por este tribunal el 15 de diciembre 1910, y los numerosos casos citados en esas opiniones.)

Llegamos ahora al tercero y último fundamento alegado para obtener un nuevo juicio; a saber, insuficiencia de la prueba y *ergo* que la sentencia era contraria a la ley. Pudieramos sentar la premisa respecto a este punto de que el apelante sostiene que la prueba en el caso es contradictoria, aunque la transcripción de autos no muestra ninguna que haya sido ofrecida por el demandado, y en casos tales un tribunal de apelación no está dispuesto a modificar las conclusiones de hecho del tribunal inferior, y generalmente no lo hará a menos de estar convencido de que la decisión haya sido dictada bajo la influencia de la parcialidad, el prejuicio, o la pasión, o que sea necesario corregir un error manifiesto que conduzca a un extravío de la justicia.

*Torruella* v. *Vázquez et al.,* resuelto por el Tribunal Supremo de P. R., el 24 de mayo, 1910.

*Román* v. *Am. R. R. Co.,* resuelto el 29 de enero de 1906.

*Morales et al.* v. *Landrau,* resuelto el 18 de diciembre de 1909.

*Lamas y Méndez* v. *Betancourt*, 29 de abril de 1910.

Además, los hechos y su suficiencia han sido discutidos extensamente, en la opinión de este tribunal, emitida en una apelación contra la sentencia, en este mismo caso, registrada el 24 del mes pasado, y es innecesaria más elaboración.

La prueba, aunque no del todo tan satisfactoria como podiera serlo, es suficiente para sostener las alegaciones hechas en la demanda y no estamos inclinados a modificar dicha sentencia por este fundamento.

Pero al mismo tiempo que la corte falla a favor del demandante por la suma total de seis cientos dollars ($600) reclamados en la demanda, no se toman en cuenta los cuarenta dollars ($40) que se probaron haber sido pagados por el demandado a la niña Margarita, de vez en cuando, en pequeñas cantidades, después de la muerte de su madre. Debió haberse descontado esta cantidad y modificarse en consonancia la sentencia, caso de haberse emitido alguna con motivo de esa reclamación, a fin de que la suma principal ascienda a quinientos sesenta dollars ($560) en vez de seis cientos dollars ($600). Pero según se resolvió en la opinión del 24 del febrero, anteriormente mencionada, no existe responsabilidad de parte del demandante por los seis cientos dollars ($600) objeto de la reclamación, y debe eliminarse completamente de la sentencia.

Por las razones aquí expuestas, la orden desestimando la moción en solicitud de nuevo juicio no debe alterarse, y debe confirmarse la sentencia así modificada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.