# SUPREME COURT.

## LANE AND LAING agt. MORSE AND STUDLEY.

An *affidavit, without a venue,* verifying a complaint, taken before a commissioner of deeds, whose *residence is not mentioned,* is a *nullity*. No presumption arises that an affidavit has been made at any particular place.

A defendant is not bound to return such a complaint as defective. He may serve his answer without a verification.

*Ontario Circuit and Special Term, February* 1852. The affidavit verifying the plaintiffs' complaint, purported to have

Lane and Laing agt. Morse and Studley.

been made before F. L. Durand, commissioner of deeds. There was no venue to the affidavit, and nothing upon its face to show where it was taken, nor of what place or county Durand was a commissioner. The defendants' attorneys served their answer without its being verified which the plaintiffs' attorney refused to receive, and proceeded to enter up judgment as though no answer had been served. The motion was to set aside the judgment for irregularity, upon the ground that the complaint was not verified in such a manner as to entitle the plaintiffs to a verified answer.

T. HASTINGS, *for Defendants.*

O. M. CRANDALL, *for Plaintiffs.*

JOHNSON, Justice.—The venue is an essential part of every affidavit. It is prima facie evidence of the place where it was taken (Belden vs. Devoe, 12 *Wend.* 225, *note; 3 Hill,* 461). An affidavit should show upon its face that it was made before some officer competent to take affidavits, and within some place where he was authorized by law to administer an oath. This, at least, would seem to be necessary to show a legal verification.

For aught that appears, this affidavit was made in Canada, or in some other state, where the oath administered was extra judicial and void. No presumption arises that an affidavit has been made at any particular place within the state; nor, indeed, that it was made within the limits of the state, where no place is mentioned. The affidavit did not, therefore, contain enough to show that the plaintiff in verifying his complaint, had been legally sworn, and consequently the defendants were at liberty to put in their answer without a verification. It is not a case where the defendants were bound to return the complaint, if they regarded the verification as defective, as supposed by the plaintiffs' counsel.

The judgment and execution must, therefore be set aside, with costs of the motion.