Cook *v.* Staats.

18b 407
154a 530

The *venue* is an essential part of an affidavit; and is *prima facie* evidence of the place where the affidavit was taken.

An affidavit without a *venue* is a nullity, although sworn to before an officer whose residence is mentioned in the jurat.

THIS was a motion to quash or supersede a certiorari. The writ was issued to remove summary proceedings, commenced before a justice of the peace, for the purpose of removing a tenant from possession.

*E. P. Chapin,* for the plaintiff in error.

*H. Seymour,* for the defendant in error.

*By the Court,* MARVIN, P. J. In August, 1853, Mrs. Staats, the landlord, made an affidavit for the purpose of commencing proceedings to remove Cook, her tenant, upon the ground that he held over without permission, after rent was due and unpaid. In her affidavit the words *with* permission were used, instead

of *without* permission. The summons issued by the justice was in proper form, reciting that Mrs. Staats had made oath that Cook continued in possession *without* the permission of the landlord, &c. Cook was removed. In December, 1853, Cook made application for a certiorari, which was granted, upon an affidavit made by him. In this affidavit there was no *venue*. The jurat was, "sworn before me, this 7th day of Nov. 1853, Geo. B. Ketchum, Com'r of Deeds for the city of Buffalo." The affidavit was signed by Cook with his cross ; his name being written by some other person. It is now objected by the defendant in error that the affidavit was insufficient, as it contains no venue, and also because it does not appear in the jurat that the affidavit was read to Cook, or its contents explained, as should have been done ; he being an illiterate person, &c.

The error, in using the word *with* instead of *without*, in the affidavit of Mrs. Staats, was, I have no doubt, a mere clerical error ; but I am not prepared to say that we should disregard it, or that we could treat the affidavit as sufficient. ·It does not appear that Cook has been prejudiced by the error, or that he took the objection. The certiorari was not applied for until about four months after the proceedings before the justice. Under the circumstances I think that Cook's proceedings should be strictly correct. And in my opinion the affidavit upon which the certiorari was granted is not sufficient. Affidavits should, by the universal practice, contain a *venue ;* and it is said to be an essential part of an affidavit. (1 *Barb. Ch. Prac.* 601. 6 *How. Pr. Rep.* 394.) It is important that it should indicate the county in which it was taken, in reference to a prosecution for perjury ; and the *venue* in an affidavit is *prima facie* evidence of the place where it was taken. An affidavit with one county as a venue, sworn to before an officer in another county, having authority to take affidavits in his county, cannot be read. (*See* 2 *How. Pr. Rep.* 86, 127, 181.) And see 6 *How. Pr. Rep.* 394, where it was held that an affidavit without a venue, taken before a commissioner of deeds, whose residence is not mentioned, is a nullity. In the present case, the commissioner states that he is

commissioner of deeds for the city of Buffalo; but this does not obviate the difficulty.

I think the certiorari should be quashed or superseded.

Ordered accordingly.

[Genesee General Term, September 4, 1854.  *Marvin, Bowen* and *Green*, Justices.]