## DETERMINED IN THE

# SECOND DEPARTMENT

### AT

# GENERAL TERM,

## November, 1877.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel
MATTHEW J. CRAWFORD and JOHN J. DEMPSEY,
Respondents, v. OLIVER DE CAMP, Appellant.

*Summary proceedings — omission of venue in affidavit — affidavit of service —
sufficiency of.*

In summary proceedings to dispossess tenants, the landlord's affidavit had no
venue, nor did it appear where the justice of the peace who took it resided.
*Held,* that the affidavit failed to show facts essential to the jurisdiction of the
justice, and that there having been no appearance by the tenants such defects
were not waived.
The affidavit of service in such proceedings alleged that the constable "served
the within summons on the tenants therein named by leaving a true copy of
the same with a person of mature age," etc. *Held,* that the service should
have been made on each; that, in fact, it was not made upon either, and that
this was also a jurisdictional defect in the proceedings.

APPEAL from an order reversing an adjudication in summary
proceedings by a justice of the peace, dispossessing the relators of
certain premises known as St. Mark's hotel, New Brighton.

The respondent rented the premises in question to the relators.
The rent was not paid. Summary proceedings were taken to dis-
possess the relators; there was no appearance by them in such

PEOPLE ex rel. CRAWFORD v. DE CAMP.        379

Second Department, November Term, 1877.

proceedings, and judgment was given for the recovery of the premises by the landlord.

Upon review at Special Term, on *certiorari*, the judgment was reversed.

*Hatch & Van Allen*, for the appellants.

*W. T. B. Milliken*, for the respondent.

Barnard, P. J.:

There are two fatal errors in the proceedings to dispossess relators. The landlord's affidavit has no venue, and it does not appear therein where it was sworn to nor where the justice of the peace who appears to have taken it resides. (*Cook* v. *Staats*, 18 Barb., 407; *Lane* v. *Morse* 6 How., 394.) Jurisdiction depended on the affidavit, and if it lacked an essential requisite all subsequent proceedings were void unless the defect was waived. There being no appearance before the justice there could be no waiver. The summons was not properly served on the relators. The tenants were absent from the premises in question upon which they resided, and the service was made on both tenants by leaving one copy with a person of mature age and discretion. The service must be made upon each; it has been made upon neither. This is also a jurisdictional defect. Without proof of the service of the summons upon the tenants the court could not proceed to dispossess them.

The proceedings were properly reversed, and the order should be affirmed, with costs.

Dykman, J., concurred, Gilbert, J., not acting.

Order reversing judgment of justice affirmed, with costs.