[No. 8,119—In Bank.]
December 13, 1882.

## S. L. DEWEY *v.* FRANK BROS. & CO.

SURPRISE AS GROUND FOR NEW TRIAL.—The plaintiff on the trial testified that A. S. Frank, an agent of defendants, gave to him before the commencement of the action, an account stated, showing a balance in favor of the plaintiff and then and there promised that the defendants would pay it. A. S. Frank at the time of the trial was absent from the State. Judgment was given in favor of the plaintiff. Defendants moved for a new trial on, among other grounds, that they were taken by surprise by this testimony of the plaintiff. The Court below granted the motion on the ground of surprise, and the plaintiff appealed.

*Held:* The defendants were informed at the commencement of the suit, March 10, 1880, that the action was brought to recover a balance alleged to be due on an account stated. They knew before that day that their agent, Mr. A. S. Frank, had been sent by them to the plaintiff to make some adjustment of the affairs between them and the plaintiff. They knew that the mission of A. S. Frank and its result might be of importance, and might be used by plaintiff in making out his case. They had at the trial on the eighteenth of December, 1880, the testimony of the plaintiff as to the result of the mission, and made no motion for a continuance, nor expressed any surprise other than such as would arise from evidence contrary to their own version of the facts. The case was then argued and submitted, and decided February 28, 1881. Not till after the decision did they present the view of surprise; there was no surprise in its legal meaning, and the order granting a new trial on that ground is erroneous.

FINDINGS—HOW FAR CONCLUSIVE ON APPEAL FROM ORDER GRANTING NEW TRIAL.—If a new trial be granted by the Court below on a stated ground, and an appeal be taken from the order to the Supreme Court, the Appel-

late Court, in searching for other grounds for sustaining the order, must take the findings, so far as there is any evidence to support them as true, on all questions of fact found thereby.

APPEAL by plaintiff from an order of the Superior Court of the County of Los Angeles granting a new trial. HOWARD, J.

Action on account stated. On the trial the plaintiff testified that before the commencement of the action, one A. S. Frank, an agent of the defendants, presented to him at Los Angeles an account stated between the defendants and the plaintiff showing an indebtedness from defendants to him, the plaintiff, and then and there promised that the defendants would pay it. A. S. Frank at the time of the trial was absent from the State. Judgment was given in favor of the plaintiff. Defendants moved for a new trial on, among other grounds, "surprise which ordinary prudence could not have guarded against." On the hearing of the motion the affidavit of A. S. Frank was offered and considered. In it he denied that the account was ever intended as an account stated, or that he ever promised the plaintiff that the defendants would pay the plaintiff any sum whatever, and deposed that instead of the defendants owing the plaintiff, he, the plaintiff, owed the defendants a large balance, and at the time referred to the plaintiff promised and endeavored to close the account by giving his note with other security to the defendants. The Court below granted the motion of defendants for a new trial, basing its action on the ground of the surprise claimed. This case on appeal was first heard in Department Two of this Court. As the decision of the Department is referred to in the opinion of the Court in bank, the opinion in Department is here given "*in extenso.*"

"In this cause judgment passed for plaintiff. Defendants moved for a new trial on several grounds, among which was surprise which ordinary prudence could not have guarded against, insufficiency of the evidence to justify the decision, and errors of law, occurring at the trial and excepted to by the defendants. This motion was granted on the ground of *surprise.* The plaintiff appeals from this order.

"We have examined the questions as to surprise, and are of

opinion that there was no surprise in its legal meaning.    The Court was not then justified in the exercise of a proper discretion in granting a new trial.

"If the order could be sustained on any of the other grounds on which defendants moved, we would affirm it.    We have examined them, and do not think they justify an affirmance of the order.    It is proper to add that as to the failure of the Court below to rule on the admissibility of certain correspondence offered by defendants and objected to by plaintiff, the ruling on which was reserved by the Court until the evidence was closed, we are of opinion that the point is not before us for decision.    This was an irregularity in the proceedings of the Court, and the defendants did not move on that ground.    It seems to have been treated as an error of law.    If it is an error of law it could only be brought before the Court on affidavit.    (C. C. P., § 658.)    It was not, however, an error of law occurring at the trial and excepted to by the moving party, for the record shows no exception.

"The order is reversed and the cause remanded."

*Brunson & Wells*, for Appellant.

The counter-affidavit of plaintiff states facts not denied, by which it appears that six months before the commencement of this action, defendants were, by plaintiff's attorneys, fully advised of the nature of the action, of the acts of their agents in stating the account, etc.

The suit was commenced March 9, 1880, and from the allegations of the complaint, defendants were informed that we had an account which we relied upon as a stated account. If they wanted further information it was available under the provisions of Section 1000 C. C. P., but as appears by their affidavit they "knew the facts of the case."    The showing is not sufficient to warrant the action of the Court.    A party can not move for a new trial on ground not distinctly made at the trial.    If surprised, he should have asked for a continuance at the time.    He will not be allowed to speculate on the chance of a favorable decision on other points, and if he fails on them, fall back on his motion for a new trial on the ground of surprise.    (*Schellhous* v. *Ball*, 29 Cal. 608; *Delmas*

v. *Martin,* 39 id. 555, 557, and 558; *Ames* v. *Howard,* 1 Sumn. 482; *Carr* v. *Gale,* 1 Curt. C. C. 384.)

A party can not be surprised by the other making good, by proof, a fact distinctly put in issue by the pleadings. (*Armstrong* v. *Davis,* 41 Cal. 499.) Surprise at the testimony of a witness called by the adverse party, is no ground for a new trial, it not appearing that the party against whom the new testimony was given had been misled by previous statements of the witness as to what he would testify. (*Taylor* v. *Cal. Stage Co.,* 6 id. 228; *Live Yankee Co.* v. *Oregon Co.,* 7 id. 40.)

In this case our verified complaint gave defendants notice of our testimony. When a party defendant is taken by surprise by the testimony of a witness produced by the opposite party before the close of the trial, and knows of a witness who resides out of the State by whom he can contradict the witness whose testimony surprises him, he should move for a continuance at once in order to take the deposition of the witness who resides out of the State, and not wait to move for a new trial on the ground of surprise. (*Ferrer* v. *Home Mutual Ins. Co.,* 47 Cal. 418; 38 id. 456.)

*Glassell & Smith* and *Warren Olney,* for Respondents.

"A motion for a new trial is a motion addressed to the sound legal discretion of the Court, and the Appellate Court will interfere only in case of a plain abuse of such discretion. (*Moulton* v. *Holmes,* 7 P. C. L. J. 228; *Hall* v. *Bark Emily Banning,* 33 Cal. 525, and cases cited; *Quinn* v. *Kenyon,* 22 id. 82; *Peters* v. *Foss,* 16 id. 357; *Drake* v. *Palmer,* 2 id. 181; *O'Brien* v. *Brady,* 23 id. 243; *Hastings* v. *Steamer Uncle Sam,* 10 id. 341; Harston's Practice, § 657, page 290, and cases cited.)

In this case (assuming—as we must assume—that the Court below believed the affidavits of the Franks), it appeared that the plaintiff had won his case by a deliberately false statement upon the very point in issue, which could not be contradicted on account of the absence of A. S. Frank from the State. A motion for a continuance would have been of no avail because, owing to the absence of A. S. Frank, the defendant was not prepared to make an affidavit as to what his testimony would be. (*Rodriguez* v. *Comstock,* 24 Cal. 88.)

The objection that a motion for a continuance was not made, like all others, is addressed to the sound discretion of the Court. (*Moore* v. *Los Angeles Infirmary*, 49 Cal. 669.) And "cases may and do arise in which it ought not to be enforced." (*Delmas* v. *Martin*, 39 Cal. 558.)

The Court:

This case was heard in Department Two of this Court, and a decision was rendered July 28, 1882. (9 Pac. C. L. J. 813.) Subsequently a hearing by the Court in bank was granted, which hearing has been had. We have examined the transcript and the points made, and are satisfied with the decision of the Department. As the new trial was granted on the ground of surprise, we must take the findings, so far as there is evidence to support them, as true on all questions of fact found thereby. Where a new trial is granted upon a stated ground, we can not, in searching for other grounds for sustaining the order, consider the facts as other than found, if there be evidence to support the findings. Otherwise, we should be speculating upon what *might* have been the decision as to the facts rather than relying upon what *was* the decision. As stated in the opinion of the Department, there was no surprise in its legal meaning for which a new trial should have been granted. The defendants were informed at the commencement of the suit, March 10, 1880, that the action was brought to recover a balance alleged to be due on an account stated. They knew before that day that their agent, Mr. A. S. Frank, had been sent by them to the plaintiff to make some adjustment of the affairs between them and the plaintiff. They knew that the mission of A. S. Frank and its result might be of importance, and might be used by plaintiff in making out his case. They had at the trial on the eighteenth of December, 1880, the testimony of the plaintiff as to the result of the mission, and made no motion for a continuance, nor expressed any surprise other than such as would arise from evidence contrary to their own version of the facts. The case was then argued and submitted, and decided February 28, 1881. Not till after the decision did they present the view of surprise; and we think it was then disappointment rather than surprise; therefore, the De-

partment was correct in saying there was no surprise in its legal meaning. See Section 657, C. C. P.: "Surprise, which ordinary prudence could not have guarded against."

The order is reversed, and the cause is remanded.

Ross, J., dissented.