### SARIL *v.* PAYNE.

(*Common Pleas of New York City and County, General Term.*  April 1, 1889.)

1. ARREST—IN CIVIL ACTIONS—AFFIDAVIT WITHOUT VENUE.
   An affidavit which has no venue is a nullity, and the court has no jurisdiction to grant an order of arrest upon it.

2. APPEAL—TO COURT OF APPEALS—LEAVE.
    Leave to appeal to the court of appeals from an order vacating an order of arrest
    granted on such an affidavit should be denied.

On motion for leave to appeal to the court of appeals.

A statement of the case appears in 1 N. Y. Supp. 15. The order of the city court, affirmed at the general term thereof, vacating the order of arrest unless the affidavit on which it was granted should be amended, was reversed, the order was vacated in the court of common pleas, (no opinion written,) and plaintiff makes this motion.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Franklin Bien,* for motion. *L. L. Kellogg,* opposed.

PER CURIAM. The question raised upon this appeal is one of jurisdiction and not of irregularity. The affidavit upon which the order of arrest was granted was the basis of the judge's action. If defective, the proceeding must fall. The lack of venue has been decided to make an affidavit a nullity. *Thompson* v. *Burhans,* 61 N. Y. 63; *Lane* v. *Morse,* 6 How. Pr. 394; *Cook* v. *Staats,* 18 Barb. 407; *Vincent* v. *People,* 5 Parker, Crim. R. 88; *Thurman* v. *Cameron,* 24 Wend. 87. The case of *Cook* v. *Whipple,* 55 N. Y. 150, allowed an amendment to a confession of judgment where the venue was omitted, but we do not think this rule should be extended, in the absence of any authority upon the subject, in cases where personal liberty is involved. We think, upon the authority of the court of appeals already expressed, that leave to make a further appeal to them upon this subject is entirely unnecessary, as the decisions cited clearly show what would be the ultimate result of such application.