[No. 15396.   Department One.—November 13, 1893.]

## HANNAH BUTLER, RESPONDENT, v. THOMAS ASH-
## WORTH ET AL., APPELLANTS.

APPEAL—NOTICE—MISTAKE IN NAME OF PLAINTIFF—DISMISSAL.—A no-
tice of appeal which is duly entitled as to the court and the department
thereof in which the action was tried, and intelligibly refers to the num-
ber of the case, and to the judgment and order denying the defendant's
motion for a new trial, is not invalidated because of a mistake in the
christian name of the plaintiff in the title of the cause, and a motion to
dismiss the appeal because of such mistake will be denied.

ID.—MISTAKE IN UNDERTAKING—SUBSTITUTION OF NEW UNDERTAKING.—
Where a similar mistake is made in the undertaking upon appeal which
accurately describes the judgment and order denying the motion for a
new trial, if the defect be considered as material, the case comes within
the provisions of section 954 of the Code of Civil Procedure, which au-
thorizes the filing of a new undertaking approved by a. justice of the
appellate court, and where a new undertaking approved by the chief
justice has been filed a motion to dismiss the appeal will be denied.

MOTION to dismiss an appeal from a judgment of the
Superior Court of the city and county of San Francisco,

and from an order denying a new trial, and to strike the transcript from the files.

The facts are stated in the opinion of the court.

*Humphrey & Welch, W. C. Burnett,* and *L. G. Burnett,* for Appellants.

*George B. Merrill,* for Respondent.

PATERSON, J.—Respondent has moved to dismiss the appeal herein, and to strike from the files the transcript on appeal.

In preparing his notice of appeal counsel for the appellant entitled the cause *Emma Butler* v. *Thomas Ashworth et al.,* and it is claimed that this invalidates the appeal.

An affidavit has been filed in which counsel for appellant states that the mistake was caused by the fact that when he was employed in the case he placed his private papers for use therein in an envelope, and indorsed the same with the title of the action, but in doing so through inadvertence and mistake wrote the plaintiff's name therein as Emma Butler, and in preparing the notice of appeal and other papers in which the mistake as to plaintiff's name occurred, he wrote the same from the title of the cause as the same appeared upon said envelope, and never discovered the mistake until he was preparing the transcript to be used on appeal herein.

Section 1046 of the Code of Civil Procedure provides that "an affidavit, notice, or other paper, without the title of the action or proceeding in which it is made, or with a defective title, is as valid and effectual for any purpose as if duly entitled, if it intelligently refer to such action or proceeding."

The notice in question is duly entitled as to the court and the department thereof in which the action was tried, and intelligibly refers to the number of the cause and to the judgment and order denying the defendant's motion for a new trial.

In preparing the undertaking on appeal counsel for appellant made the same mistake, but as the undertaking names the court and department thereof, gives the number of the cause, and accurately describes the judgment and order denying the motion for a new trial, we think, if the defect is a material one, the case comes within the provisions of section 954 of the Code of Civil Procedure, which authorizes the filing of a new undertaking, approved by a justice of the supreme court. A request to file such undertaking was made at the hearing, and granted.

The motion to strike the transcript from the files is denied. The motion to dismiss the appeal is also denied, an undertaking approved by the chief justice of this court having been filed herein.

HARRISON, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.