RIVERO ET AL. *v.* HERNÁNDEZ ET AL.

APPEAL from the District Court of San Juan, Section 1.

No. 673.—Decided June 23, 1911.

NEW TRIAL—AFFIDAVIT—VENUE.—The omission of *venue* in an affidavit is not absolutely a fatal defect, and in the case at bar the affidavit filed, in apply-

ing for a new trial, was declared sufficient by the Supreme Court for the purpose of identifying it with the suit wherein it was filed.

ID.—AFFIDAVIT—OATH OF ONE'S OWN KNOWLEDGE AND UPON INFORMATION.—An affidavit wherein the affiant only states that what he swears to is "the truth, the whole truth, and nothing but the truth," is equivalent to a statement that he swears to the facts of his own knowledge, and therefore such affidavit is not defective for said reason.

ID.—ACCIDENT OR SURPRISE.—The party who applies for a new trial on the ground of accident or surprise in the introduction of evidence must be absolutely free from negligence or carelessness, because if he has had occasion to examine the document that is the cause of the surprise he cannot afterwards allege this as ground for applying for a new trial.

ID.—ACCIDENT OR SURPRISE.—When a party by his own error induces another to believe that a certain document introduced as evidence is a certificate of baptism and afterwards it is found to be a certificate of birth, the former cannot charge the latter with negligence or carelessness in ascertaining the nature of the document introduced by objecting to the granting of a new trial on the ground of accident or surprise in the introduction of evidence.

ID.—ACCIDENT OR SURPRISE—REQUISITES APPLICANT MUST PROVE.—In order that a new trial may be granted on the ground of accident or surprise, the applicant must prove the surprise, the manner in which he was prejudiced; that such surprise was not the consequence of any negligence or carelessness on his part; that the judgment rendered is a primary consequence of the acts constituting the surprise; that he has a good defense; and that if a new trial is granted the result thereof will be different.

ID.—DISCRETION OF TRIAL COURT—ABUSE OF DISCRETION.—The granting of a new trial on the ground of accident or surprise lies in the sound discretion of the trial court, and its conclusions will not be disturbed on appeal unless a great abuse of discretion is shown.

ID.—INHERENT POWERS OF COURTS.—In accordance with common law, courts have the inherent power to grant new trials on their own motion, and this power may be exercised when not prohibited by law; in Porto Rico no law exists which contains such prohibition.

The facts are stated in the opinion.

*Mr. Luis Méndez Vaz.* for appellants.

*Mr. Manuel Moraza* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was brought in the First Section of the District Court of San Juan by María and Benito del Rivero Hernández against Gregorio and Mariano Hernández, wherein they sought the annulment of a dominion title and the cancellation of the registration thereof.

Inasmuch as before they could maintain a suit of this nature the plaintiffs must show themselves to be the owners

of the property involved, this question of ownership became fundamental in the proceeding which they had instituted. It was also alleged, and became an issue in the case, that the parents of the plaintiffs had sold to the father of the defendants the lands in controversy, and the date of the private document, by which it was alleged that this sale was accomplished, was claimed to correspond and to be identical with the date of the baptism of one of the plaintiffs, María del Rivero Hernández. It appeared that a private document, by which the sale of the land was effected, was missing, and supplementary evidence of its contents was introduced. Another document was offered by the plaintiff in rebuttal bearing a different date, so that it became a matter of some importance to prove the exact date of the baptism. In order to fix this exact date, the defendants' counsel offered in evidence a document purporting to be the certificate of baptism of the aforesaid plaintiff, but which was afterwards found to be a certificate of her birth instead.

On December 9, 1910, the district court rendered a judgment dismissing the complaint without costs to either party. During the introduction of the evidence, the defendants presented the certificate aforesaid of the registry of plaintiff's birth, which was recorded in the civil registry, and the plaintiff's counsel objected to the admission thereof; but the court, however, admitted said certificate and the counsel took an exception to the ruling so made. After the judgment had been rendered, inasmuch as it was against the plaintiffs, they prayed for a new trial, basing their motion on accident or surprise, against which ordinary prudence could not have guarded. The defendants opposed their motion, stating that the purpose of the presentation of the document in question was only to fix a date from which the prescription should begin to run, which was one of the defenses invoked in their answer. The court, after having heard the allegations of the parties, granted the new trial by an order of January 4, 1911, whereby the former judgment was set aside. From that

order, and by virtue of the provisions of paragraph 3 of section 295 of the Code of Civil Procedure, the defendants took this appeal. As it will be seen from what has been stated above, there is no controversy here in regard to the justice or injustice that may be involved in the judgment rendered below, but that the appeal is taken only from the order of January 4, 1911, rendered by the judge granting a new trial. As the only ground of the appeal, counsel cites as violated, for undue application thereof, paragraph 2, section 221 of the Code of Civil Procedure, and other sections in connection therewith. Said section provides that a new trial may be granted, among other causes, when during the course of the trial there has been accident or surprise against which ordinary prudence could not have guarded.

The first question presented here by the appellants is that the affidavit of merits on which the motion for a new trial was based lacks the *venue.* That is claimed to be a fatal defect, and Estee on Pleadings, page 199, paragraph 271, is cited as an authority to sustain this position. Reference is also made to the cases of *Lane* v. *Morse,* 6 How. Prac., 394, and *Cook* v. *Staats,* 18 Barb., 407.

Estee says that the *venue* is an essential part of every affidavit and *prima facie* evidence of the place where it was taken, citing 6 How. Prac., 394, and 18 Barb., 407. The author adds, however, that this certainly cannot be laid down as a rule with all classes of affidavits, and that an affidavit, without the title of the action in which it is made, is as valid and effectual for any purpose as if duly entitled, if it intelligibly refers to such action; referring to paragraph 1046, California Code of Civil Procedure, and *Butler* v. *Ashworth,* 100 Cal., 334. The California statute cited is identical with section 345 of our Code of Civil Procedure, and the case in 100 Cal. applies thereto. By an examination of the affidavit, it will be seen that it sufficiently refers to the case for purposes of identification and, under the statute, ought to be maintained.

A further objection is made to this affidavit of merits

in that it does not state what facts are known to affiant of his own knowledge and what are based upon information derived from others, but that he merely swears that the affidavit states "the truth, the whole truth, and nothing but the truth." This is equivalent to alleging that the facts stated are within the personal knowledge of the affiant, and the affidavit is not on that account deficient in its form. Moreover, from the matters stated in the affidavit, it will be readily seen that they are such as naturally fall within the personal knowledge of the attorney making oath thereto.

In regard to this affidavit, the appellant further alleges that the oath is not only irregular in its form, but that it is also deficient on its merits, as, from a simple reading thereof, the conviction is readily reached that the accident or surprise which has been invoked appears from its contents to be merely an error committed in the consideration of the evidence by the court, and that there has been really no surprise suffered by the plaintiff. It is true that the matter of statutory surprise excludes all elements of negligence, so that usually if a person has had a chance to examine a document and has not done so, he cannot allege that he has been surprised by the use of said document in evidence. It might seem to appear from what has been said that the plaintiff was negligent, inasmuch as it is stated that the certificate of birth of María del Rivero Hernández was shown to him by the defendants and that he had the same in his hands, and if he did not examine it one might perhaps infer that it was because he did not wish to do so. Such are the considerations suggested by the astute counsel for the appellant on the trial here.

This argument might prevail had not the declarations of the appellants' counsel himself misled the respondent to believe that the document presented was the certificate of baptism. This being the case, the appellant will not be heard to impute negligence to his opponent in accepting his statements, made in open court, to be correct. No party can

thus be allowed to take advantage of his own wrong, even though it was committed through an honest mistake or was purely accidental.

It is argued that the admission of the baptismal certificate was immaterial since the date which it was intended to prove was not material. This point was determined by the trial court and, it is presumed, adversely to the appellant. We are not in a position, from the contents of this record, to say that there was any error on this point of the case, and must accept it as settled for the present.

It seems to have been an error in which all parties, the counsel on each side and the judge upon the bench, shared in mistaking the certificate of birth for a baptismal certificate. If the document was introduced for the purpose of fixing the date, it is clear that one should not have been substituted for the other, for they would scarcely bear the same date. The trial court, on discovering that all parties had mistaken one document for the other, and that the judgment was at least partly based thereon, took the only course possible to correct the error, that was, to grant a new trial and to allow the parties to proceed correctly the next time.

In discussing the matter generally, the counsel for appellants uses the following authorities and arguments; that is to say, he asserts that these principles are found in the following cases. Upon this ground of surprise new trials should be granted with great caution. A party claiming to have been injured must show that the surprise has not resulted in any degree from his own fault or negligence: *Rogers* v. *Huie,* 1 Cal., 429; 54 Am. Dec., 300; *Brooks* v. *Lyon,* 3 Cal., 114; *Dewey* v. *Frank Bros. & Co.,* 62 Cal., 343, and must claim his relief at the earliest opportunity. If he can relieve himself from his embarrassment in any other mode, either by a nonsuit, *Brown* v. *Smith* 10 Cal., 510, or a continuance; *Ferrer* v. *Home Mutual Insurance Company,* 47 Cal., 416, or introduction of other testimony, or otherwise, he must not take the chance of a verdict. (*Live Yankee Co.* v. *Oregon*

*Co.,* 7 Cal., 42.) The party surprised must apply for relief
not only at the earliest practicable moment, but in such method.
as will produce the least vexation, expense, and delay. (*Del-
mas* v. *Martin,* 39 Cal., 555.) Appellants further claim that.
a party cannot successfully move for a new trial on this ground
unless the surprise is conclusively shown by the affidavit,
citing *McDonald* v. *Bear River Company,* 13 Cal., 220, and
that the fact or facts from which the surprise resulted had
a material bearing upon the case, and that the verdict may be
mainly attributed to their effect. (*Hastwright* v. *Badham,* 11
Price., 383.) He also asserts that the same conclusions are
reached by the author, Estee, in treating of the requirements
necessary for a new trial, in his work on pleadings, at para-
graph 4883, wherein the following doctrine is announced and
may be used as a summary:

"The cases established that the party must prove the surprise,
how he was injured by it, and that no laches are justly attributed
to him; that the surprise has not resulted from the fault or negli-
gence of the moving party; and that the verdict is mainly attribu-
table to the facts out of which the surprise resulted; and that he
has a valid defense, and that on a new trial the result may be dif-
ferent."

In these authorities there can be no doubt that the law
is correctly stated, and they should generally be followed
by trial courts in considering motions for a new trial when
based on the ground of surprise or accident. But appellate
courts cannot always reverse the orders of trial courts for
not applying these principles to every case that may arise.
Most cases presented under this section of our statute are
founded on peculiar circumstances and must be decided
accordingly.

This matter of granting or refusing a new trial was before
us about three months ago in the case of *Fajardo et al.,* v.
*Tió* (17 D. P. R. 321), decided March 31 last. On that case
counsel for appellants seems to place some reliance. In that
case we said in the opinion:

"As to the surprise of the defendant by the evidence offered on behalf of the plaintiff, it is enough to say that if the same was pertinent to the issues made by the pleadings the defendant had no occasion to be surprised, and if the evidence was not pertinent to the issues, the defendant should have objected to its introduction on this account, and, if it were admitted over his objections, he should have saved the point by a proper exception, for review in this court. (*Armstrong* v. *Davis,* 41 Cal., 499.)

"The accident or surprise mentioned in the statute relates to matters entirely different from the admission or exclusion of evidence, and paragraph 2 of the section quoted has no application to this case. A case of surprise which would fall under this clause of the statute might arise when the applicant is misled by previous statements of a witness and subsequent testimony given by such witness contradictory of his statement. And if there had been alleged in the motion any sufficient ground of surprise it would be incumbent on the applicant to show that such surprise did not arise from his own fault or negligence; which the appellant herein, in view of the counter affidavit filed in the record, has clearly failed to do."

Citing *McLear* v. *Hapgood,* 85 Cal., 557; *Dewey* v. *Frank Bros. & Co.,* 62 Cal., 343; *Ferrer* v. *H. M. Ins. Co.,* 47 Cal., 416; *Brooks* v. *Douglass,* 32 Cal., 210; *Schellhous* v. *Ball,* 29 Cal., 605; *Taylor* v. *Cal. Stage Company,* 6 Cal., 229; *Rogers* v. *Huie,* 1 Cal., 429.

We regard this as a correct statement of the law, as far as it goes, and of binding authority in cases to which it is applicable. But for obvious reasons we do not think it can be applied to the facts of this case.

Of course, the case was tried by the court without a jury, as is the practice in all civil cases in Porto Rico, and no one is better qualified than the trial judge himself to know and determine what effect the certificate, which was erroneously admitted, had in causing the judgment to be rendered in favor of the defendants. Naturally, where a new trial has been granted under such circumstances as are detailed in the record, the appellate court will hesitate to set such an order aside. If the very court that rendered the judgment holds that a fudamental error was committed during the trial, it

is reasonable to suppose that the order granting a new trial ought to stand. To reverse such an order, a very strong case must be made out by the appellants. In the nature of the proceedings, the granting or refusing of a new trial on the ground of accident or surprise must be largely left to the discretion of the trial court. And unless that discretion has been abused, especially when the new trial has been granted, the appellate court will gravely hesitate to interfere. This is the almost unbroken current of authority. (29 Cyc., 103, citing *Harper* v. *Wilkes,* 76 Ga., 106; *Shepherd* v. *Brenton,* 15 Iowa, 84.)

At common law the court had the inherent power, even on its own motion, to grant new trials. Surely this authority could be exercised more properly in cases tried before the court alone without the intervention of a jury. And courts may still grant new trials of their own motion, unless this inherent power has been restricted by statute. (29 Cyc., 921, and case cited.) We know of no statute in Porto Rico which has this effect.

For the reasons stated, and others not necessary to discuss, the order granting the new trial will not be disturbed.

*Affirmed.*

Chief Justice Hernández and Justice del Toro concurred.

Justices Wolf and Aldrey did not take part in the decision of this case.