RIVERO ET AL. *v.* HERNÁNDEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 673.—Resuelto en junio 23, 1911.

NUEVO JUICIO—DECLARACIÓN JURADA—SITIO DONDE SE OTORGA (VENUE).—La omisión en una declaración jurada del sitio donde se otorga, no es en absoluto un defecto fatal y en el caso de autos, la declaración que se utilizó para soli-

citar el nuevo juicio fué declarada suficiente por el Tribunal Supremo para los efectos de su identificación con el pleito en el cual se presentó.

ID.—DECLARACIÓN JURADA.—JURAMENTO POR CONOCIMIENTO PROPIO Y POR INFORMACIÓN.—Una declaración jurada en la cual el que jura únicamente expresa que jura "la verdad, toda la verdad y nada más que la verdad" equivale a manifestar que jura los hechos por conocimiento propio y por tanto no es defectuosa por tal concepto dicha declaración jurada.

ID.—ACCIDENTE O SORPRESA.—La parte que solicita un nuevo juicio fundado en accidente o sorpresa en la presentación de la prueba, debe estar completamente limpio de negligencia o descuido, pues si ha tenido ocasión de examinar el documento que le ha ocasionado la sorpresa, no puede luego alegar esto como motivo para solicitar un nuevo juicio.

ID.—ACCIDENTE O SORPRESA.—Cuando una parte por su propio error ha inducido a otra a creer, que cierto documento presentado como prueba era una partida de bautismo y resulta luego ser una certificación de nacimiento, no puede aquella achacar a ésta negligencia o descuido en cerciorarse de la naturaleza del documento presentado para oponerse a una concesión de nuevo juicio por accidente o sorpresa en la presentación de la prueba.

ID.—ACCIDENTE O SORPRESA—REQUISITOS QUE DEBE JUSTIFICAR EL SOLICITANTE.—Para que proceda la concesión de un nuevo juicio por accidente o sorpresa, el solicitante debe justificar la sorpresa, la forma en que fué perjudicado, que dicha sorpresa no es consecuencia de negligencia o descuido alguno por su parte, que la sentencia dictada es consecuencia primordial de los hechos constitutivos de la sorpresa, que tiene buena defensa y que si se concede nuevo juicio, el resultado del pleito será distinto.

ID.—DISCRECIÓN DE LA CORTE SENTENCIADORA—ABUSO DE DISCRECIÓN.—La concesión de un nuevo juicio por accidente o sorpresa descansa en la sana discreción del tribunal sentenciador y su apreciación no será revocada en apelación a menos que se demuestre un gran abuso de discreción.

ID.—FACULTADES INHERENTES A LOS TRIBUNALES.—De acuerdo con el derecho común (*common law*) los tribunales tienen la facultad inherente de conceder un nuevo juicio de oficio y esta facultad puede ser ejercitada siempre que la ley no lo prohiba, sin que en Puerto Rico exista ley alguna que contenga tal prohibición.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Méndez Vaz.*

Abogado de los apelados: *Sr. Manuel Moraza.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se siguió este pleito ante la Sección Primera de la Corte de Distrito de San Juan por María y Benito Rivero Hernández contra Gregorio y Mariano Hernández, en el que solicitaban la nulidad de un expediente de dominio y de la nota de la inscripción del mismo.

Puesto que antes que ellos pudieran sostener un pleito

de esta clase, deben los demandantes mostrar que son los due-
ños de la finca envuelta en este pleito, esta cuestión referente
a la propiedad resultó fundamental en el procedimiento que
habían establecido. También se alegó y vino a ser un punto
en controversia en el caso, que los padres de los demandantes
habían vendido al padre de los demandados los terrenos en
cuestión, y la fecha del documento privado por el que se dice
que se realizó la venta, se dijo que correspondía y era idén-
tica a la fecha del bautismo de uno de los demandantes, María
del Rivero Hernández. Resulta que faltaba un documento
privado por virtud del cual la venta del terreno se había efec-
tuado y se presentó prueba suplementaria del contenido de
dicho documento. Se presentó por el demandante otro docu-
mento como contraprueba que tenía fecha distinta, de modo
que resultó una cuestión de alguna importancia el probar la
fecha precisa del bautismo. Para fijar esta fecha exacta, el
abogado de los demandados presentó como prueba un docu-
mento, que se decía ser la partida de bautismo del referido de-
mandante, pero que después resultó ser una certificación refe-
rente al nacimiento de la demandante.

El día 9 de diciembre de 1910, la corte de distrito dictó
una sentencia desestimando la demanda, sin imponer costas
a ninguna de las partes. Durante la presentación de la prue-
ba, los demandados presentaron la certificación aludida de la
inscripción del nacimiento de la demandante, que fué inscrita
en el registro civil; oponiéndose a su admisión el abogado del
demandante; pero la corte, sin embargo, admitió la referida
certificación, tomando el abogado una excepción a esa resolu-
ción. Después que se había dictado la sentencia, y puesto que
era contra los demandantes, éstos solicitaron un nuevo juicio
fundando su moción en accidente o sorpresa, que la ordinaria
prudencia no pudo preveer. Los demandados se opusieron a
su moción manifestando que el propósito de la presentación
del documento en cuestión era únicamente el de fijar una fecha
desde que pudiera empezar a contarse la prescripción, que
era una de las defensas invocadas en su contestación. La

corte, después de haber oído las alegaciones de las partes, concedió el nuevo juicio por resolución de 4 de enero 1911, por la que quedó anulada la primera sentencia.   Contra esa orden, y por virtud de las disposiciones del párrafo 3 del artículo 295, del Código de Enjuiciamiento Civil, los demandados establecieron esta apelación.   Según se verá de lo dicho anteriormente aquí no hay controversia con respecto a la justicia o injusticia que puede estar envuelta en la sentencia dictada por la corte inferior, sino que la apelación se ha interpuesto solamente contra la resolución de 4 de enero de 1911, dictada por el juez y concediendo un nuevo juicio.   Como único fundamento de la apelación, cita el abogado como infringido por indebida aplicación, el párrafo 2°. del artículo 221 del Código de Enjuiciamiento Civil, y otros artículos en relación con el mismo.   Dicho artículo dispone que puede concederse un nuevo juicio, entre otras causas, cuando durante el curso del juicio ha habido accidente o sorpresa, que la ordinaria prudencia no ha podido preveer.

La primera cuestión que aquí se ha presentado por los apelantes es que la declaración jurada y fundada, en la que se basó la solicitud para nuevo juicio, omite el *sitio*.   Se alega que ese es un defecto fatal y se cita como autoridad en apoyo de esta teoría, a Estee sobre Alegaciones, página 199, párrafo 271.   También se hace referencia a los casos de *Lane* v. *Morse,* 6 How., Prac. Rep., 394, y *Cook* v. *Staats,* 18 Barb., 407.

Expresa Estee que la especificación de la corte es una parte esencial de toda declaración jurada, y constituye prueba *prima facie* del sitio en que se tomó; y cita 6 How. Prac., 394 y 18 Barb., 407.   Sin embargo, agrega el autor que esto ciertamente no puede establecerse como una regla en toda clase de declaraciones juradas, y que una declaración jurada sin el título de la acción en que se hace, es tan válida y efectiva para cualquier fin como si estuviera titulada debidamente, si de la misma aparece de modo claro que se refiere a tal acción; hace referencia al párrafo 1046 del Código de Enjuiciamiento Civil de California y al caso de *Butler* v. *Ashworth,*

100 Cal., 334. El estatuto de California citado es idéntico al artículo 345 de nuestro Código de Enjuiciamiento Civil y el caso contenido en 100 Cal. es de aplicación al mismo. De un examen de la declaración jurada se verá que la misma se refiere de modo suficiente al caso para fines de identificación y con arreglo al estatuto debe sostenerse.

La otra objeción que se hace a la declaración jurada y fundada es que la misma no expresa cuáles son los hechos que el declarante conoce de propio conocimiento y cuáles funda en información obtenida por otros; sino que simplemente jura que la declaración jurada expresa "la verdad, toda la verdad, y nada más que la verdad." Esto es equivalente a alegar que los hechos relacionados son del conocimiento personal del declarante, no siendo por tal motivo defectuosa la declaración jurada en su forma. Además, se verá del contenido de la declaración jurada, que las cuestiones referidas en la misma son naturalmente del conocimiento personal del abogado que jura con respecto a ellas.

Alega además el apelante con referencia a esta declaración jurada, que el juramento no solamente es irregular en su forma sino que también es deficiente en sus méritos, pues de una mera lectura de la misma se llega inmediatamente a la conclusión de que el accidente o sorpresa que se ha invocado aparece de su contenido, que fué simplemente un error cometido al considerar la corte la prueba, y que en realidad no ha habido sorpresa para el demandante. Cierto es que la cuestión referente a sorpresa según la ley excluye todos los elementos de negligencia, de suerte que, en general si una persona ha tenido oportunidad de examinar un documento y no lo ha hecho, no puede alegar que ha sido sorprendido al presentarse tal documento como prueba. Podría aparecer, según hemos dicho, que el demandante fué negligente, puesto que se ha dicho que la partida de nacimiento de María del Rivero Hernández le fué mostrada por los demandados y que la tuvo en sus manos, y si no la examinó podría suponerse que fué porque no tenía deseo de hacerlo así. Tales son las considera-

ciones indicadas por el astuto abogado del apelante durante la vista de este caso ante este tribunal.

Este argumento podría predominar si no hubiera sido porque las manifestaciones del abogado de los apelantes indujeron al apelado a creer que el documento presentado era la partida de bautismo. Siendo así el caso, no se tomarán en consideración las imputaciones de negligencia que el apelado hace a su contrario, al aceptar como correctas sus manifestaciones hechas en corte abierta. No puede permitirse que ninguna parte se beneficie de este modo de su propio error, aun cuando el mismo se cometiera de buena fe o fuera simplemente accidental.

Se alega que la admisión de la partida de bautismo no era esencial puesto que la fecha que se trataba de probar tampoco lo era. Este punto fué resuelto por la corte inferior, y se supone que en contra del apelante. Según el contenido de estos autos, no podemos expresar que hubiera algún error con respecto a este aspecto del caso y debemos aceptarlo como ha sido resuelto por ahora.

Parece que hubo un error al que fueron inducidos tanto los abogados de ambas partes como la propia corte, confundiendo la certificación de nacimiento con la partida de bautismo. Es claro que si el documento se presentó con el fin de fijar la fecha no debió substituirse por el otro, pues difícilmente podrían tener la misma fecha. Al descubrir la corte inferior que todas las partes habían confundido un documento con el otro y que la sentencia por lo menos se fundaba en parte en dicho documento, adoptó el único medio posible para corregir dicho error, cual era el conceder un nuevo juicio, permitiendo a las partes que procedieran correctamente en otra ocasión.

Al discutir la cuestión en términos generales, el abogado de los apelantes hace uso de las siguientes autoridades, o sea, afirma que este principio se encuentra en los siguientes casos. Por este fundamento de sorpresa los nuevos juicios deben concederse con gran cautela. Una parte que alegue haber

sido perjudicada debe mostrar que la sorpresa no ha resul-
tado en manera alguna por su propia falta o negligencia:
*Rogers* v. *Huie,* 1 Cal., 429; 54 Am. Dec., 300; *Brooks* v. *Lyon,*
3 Cal., 114; *Dewey* v. *Frank,* 62 Cal., 343; y debe solicitar su
remedio en la primer oportunidad. Si puede conseguirlo de
algún otro modo, ya por un sobreseimiento, *Brown* v. *Smith,*
10 Cal., 510; o un aplazamiento; *Ferrer* v. *Home Mut. Ins.
Co.,* 47 Cal., 416; o por presentación de otra prueba o por al-
gún otro medio, no debe exponerse a las consecuencias del ve-
redicto. *Live Yankee Co.* v. *Oregon Co.,* 7 Cal., 42. La parte
sorprendida debe solicitar protección no solamente en la pri-
mer oportunidad sino de modo tal que produzca el menor ve-
jamen, gasto y demora. (*Delmas* v. *Martin,* 39 Cal., 555.)
Alegan además los apelantes que una parte no puede solicitar
con éxito la celebración de un nuevo juicio por este funda-
mento, a menos que la sorpresa resulte claramente de la de-
claración jurada; y cita el caso de *McDonald* v. *Bear River
Co.,* 13 Cal., 220; y que el hecho o hechos de donde resultó
la sorpresa tenían una relación esencial con el caso, debiendo
atribuirse principalmente el veredicto al efecto de los mis-
mos. (*Hartwright* v. *Badham,* 11 Price, 383.) Afirma tam-
bién que a las mismas conclusiones llega el autor Estee al tra-
tar de los requisitos que son necesarios para un nuevo juicio,
en su obra sobre alegaciones, en el párrafo 4884, en donde se
enuncia la siguiente doctrina que puede usarse en forma de
sumario: "Establecen los casos que la parte debe mostrar la
sorpresa, en qué forma le perjudicó ésta, y que en justicia no
puede atribuirse descuido alguno de su parte; que la sorpresa
no ha resultado por la falta o negligencia del solicitante, y que
el veredicto se debe principalmente a los hechos de donde pro-
vino la sorpresa; que tiene una buena defensa, pudiendo ser
distinto el resultado en un nuevo juicio."

No hay duda alguna de que la ley está bien expresada en
estas autoridades, las que generalmente deben seguirse por
las cortes inferiores, al considerar mociones sobre nuevos
juicios fundadas en sorpresa o accidente. Pero las cortes de

apelación no siempre pueden revocar las resoluciones de las cortes inferiores, por no aplicar estos principios a cada caso que surja. Casi todos los casos presentados de acuerdo con esta sección de nuestro estatuto, están fundados en circunstancias peculiares y deben resolverse de conformidad con las mismas.

Esta cuestión referente a concesión o denegación de un nuevo juicio se presentó a nuestra consideración hace unos tres meses en el caso de *Fajardo* v. *Tió,* resuelto el día 31 de marzo último. El abogado del apelante parece apoyarse algo en ese caso. En dicho caso dijimos en la opinión: ''En cuanto a la sorpresa del demandado por la prueba presentada a favor del demandante, basta decir que si dicha prueba era pertinente a las cuestiones planteadas por las alegaciones, el demandado no tuvo oportunidad para ser sorprendido; y si la prueba no era pertinente a dichas cuestiones, el demandado ha debido oponerse a su presentación por esta causa, y de admitirse, a pesar de su oposición, debió haber reservado el punto por medio de la debida excepción, para ser considerado en la apelación por este tribunal. (*Armstrong* v. *Davis,* 41 Cal., 499.) El accidente o sorpresa que menciona el estatuto se refiere a asuntos completamente diferentes de la admisión o exclusión de prueba, y el apartado segundo del artículo citado no tiene aplicación en este caso. Un caso de sorpresa que estaría comprendido en esa cláusula del estatuto podría presentarse cuando el peticionario ha sido inducido a error por anteriores manifestaciones de un testigo y posteriores declaraciones del mismo contradiciendo sus manifestaciones. Y de haberse alegado en la moción un motivo suficiente de sorpresa, no procedía de su propia culpa o negligencia: lo que el apelante en este caso, en vista de las contradeclaraciones juradas, claramente dejó de hacer.'' Se citan los casos de *MacLear* v. *Hapgood.* 85 Cal., 557; *Dewey* v. *Frank Bros. & Co.,* 62 Cal., 343; *Ferrer* v. *Home Mut. Ins. Co.,* 47 Cal., 416; *Brooks* v. *Douglas,* 32 Cal., 210; *Schellhous* v. *Ball,* 29 Cal., 605; *Taylor* v. *Cal. Stage Co.,* 6 Cal., 229; *Rogers* v. *Huie,*

·1 Cal., 429. Consideramos esto, hasta donde alcanza, como una expresión clara de la ley, y de autoridad obligatoria en los casos en que es de aplicación. Pero por razones obvias creemos que no es de aplicación a los hechos de este caso.

Desde luego, el caso se celebró ante la corte, sin jurado, según es la práctica en todos los casos civiles en Puerto Rico, y nadie está en mejores condiciones que el juez sentenciador para saber y resolver el efecto que tuvo en hacer que se dictara sentencia a favor de los demandados, el certificado que fué admitido erróneamente. Naturalmente, cuando se ha concedido un nuevo juicio bajo las circunstancias que se determinan en los autos, tendrá dudas para anular tal resolución. Si la misma corte que dictó la sentencia declara que se cometió un error fundamental durante el juicio, es razonable el suponer que no debe modificarse la resolución concediendo el nuevo juicio. Para que tal resolución se revoque los apelantes deben mostrar una razón muy poderosa. En el orden de los procedimientos la concesión o denegación de un nuevo juicio por el fundamento de accidente o sorpresa, es una cuestión que debe dejarse ampliamente a la discreción de la corte inferior. Y a menos que se haya abusado de esa discreción, especialmente cuando se ha concedido el nuevo juicio, la corte de apelación seriamente vacilará para intervenir con esa discreción. Este principio es casi uniforme en todas las autoridades. (29 Cyc., 103; y se citan los casos de *Harper* v. *Wilkes,* 76 Cal., 106; *Shepherd* v. *Brenton,* 15 Iowa, 84.)

Según la ley común la corte tenía la facultad inherente, aún de su propia iniciativa, para conceder nuevos juicios. Seguramente que esta facultad puede ejercitarse más propiamente en aquellos casos que han sido celebrados ante la corte solamente, sin intervención de un jurado. Y aun pueden las cortes conceder nuevos juicios, por su propia moción, a menos que esta facultad inherente se le haya restringido por el estatuto. (29 Cyc., 921, y caso citado.) No conocemos en Puerto Rico ningún estatuto que tenga este efecto.

Por las razones expuestas, y por otras que no hay necesi-

dad de discutir, la resolución concediendo el nuevo juicio no será modificada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y del Toro.

Los Jueces Asociados Sres. Wolf y Aldrey, no tomaron parte en la resolución de este caso.